UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*(ELECTRONICALLY FILED)*

| | |
|---|---|
| KENNETH MUTH | ) |
| | ) |
| PLAINTIFF | ) |
| | ) CIVIL ACTION NO. 3:12CV-377-S |
| v. | ) |
| | ) |
| INTEGRATED MANUFACTURING | ) |
| AND ASSEMBLY, LLC and | ) |
| SCOTT A. NORRIS | ) |
| | ) |
| DEFENDANT | ) |

## NOTICE OF REMOVAL

Defendants, Integrated Manufacturing and Assembly, LLC ("IMA") and Scott A. Norris ("Mr. Norris") (collectively, "Defendants"), by counsel, hereby give notice of the removal of this civil action styled *Kenneth Muth v. Integrated Manufacturing and Assembly, LLC and Scott A. Norris*, 11-CI-07084 from Jefferson Circuit Court, Division Seven, Louisville, Kentucky ("State Court Action"), to the United States District Court for the Western District of Kentucky, Louisville Division, pursuant to 28 U.S.C. § 1441 *et seq.* The grounds for removal are as follows:

1. On October 31, 2011, Plaintiff, Kenneth Muth ("Plaintiff" or "Muth"), commenced the State Court Action against Defendants in Jefferson Circuit Court, Louisville, Kentucky. The Complaint asserted a disability discrimination claim under the Kentucky Civil Rights Act, Chapter 344, against IMA, and an intentional infliction of emotional distress ("IIED") claim against IMA and, an individual, Mr. Norris.

2. Copies of the Civil Summons and Complaint and other materials served on Defendants in the State Court Action are attached hereto as Exhibit 1.

3. IMA is a limited liability company that is entirely owned by two members who are both citizens of Michigan, and therefore IMA is only a citizen of Michigan. See Delay v. Rosenthal Collins Group, LLC, 484 F.3d 1003, 1005 (6th Cir. 2009) (holding that a limited liability company has the citizenship of each partner or member). Plaintiff is a citizen of Kentucky. Mr. Norris also is a Kentucky citizen. Normally, the fact that the citizenship of a Defendant and Plaintiff is not diverse would preclude removal of this action. As explained below, however, following Plaintiff's deposition on June 7, 2012, the undisputed facts in the Record establish that Mr. Norris was fraudulently joined to this action. Mr. Norris's citizenship, therefore, should be ignored for the purposes of removal. Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir., 1999). Consequently, because there is diversity of citizenship between Plaintiff and IMA, and because all other procedural requirements for removal have been met, this Court has jurisdiction over this case, and removal is proper. Id.

4. "[A] party is fraudulently joined if there is no reasonable basis for predicting that the state law might impose liability on the facts involved." Coyne, 183 F.3d at 493 (quoting Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir., 1994)). The only claim brought against Mr. Norris is the IIED claim. As reflected in Plaintiff's deposition testimony, Plaintiff failed to assert any material facts that could establish liability for an IIED claim against Mr. Norris. Because Plaintiff's evidence is completely insufficient to support an IIED claim against Mr. Norris, Plaintiff has fraudulently joined Mr. Norris. Therefore, for these and other reasons set forth in Defendant's Motion for Partial Summary Judgment, which Defendant intends to file

immediately following filing of this Notice, there is no reasonable basis for predicting state law liability against Mr. Norris.

5.  In his deposition, Plaintiff failed to identify any facts that support an IIED claim against Mr. Norris under Kentucky law.  To establish IIED in Kentucky, a plaintiff must prove, among other elements, that "the conduct was so outrageous and intolerable as to offend generally accepted standards of morality and decency."  Ford v. General Motors Corp., 305 F.3d 545, 555 (6th Cir. 2002) (citing Kroger Co. v. Willgruber, 920 S.W.2d 61, 67 (Ky. 1996)).  The standard of outrageousness is a high and difficult element to satisfy.  *See* Humana of Kentucky, Inc. v. Seitz, 796 S.W.2d 1, 2 (Ky. 1990) (holding nurse's behavior was not sufficiently outrageous where nurse ordered plaintiff, a patient hysterical over having just delivered a stillborn, to "shut up," and that her baby would be "disposed of" in the hospital).  In the specific context of fraudulent joinder of IIED claims, this Court has consistently cited Seitz for the proposition that allegations of what most people consider generally unacceptable workplace conduct are not sufficiently outrageous for purposes of asserting an IIED claim.  *See, e.g.*, Underhill v. Caudill, 186 F. Supp. 2d 736, 740 (W.D. Ky. 2011) (finding fraudulent joinder of IIED claim where co-worker gestured to plaintiff in a sexually offensive manner and asked inappropriate questions about her breasts); Miller v. Reminger Co., No. 3:11-cv-315-CRS, 2012 WL 529822, at *1 (W.D. Ky. Feb. 17, 2012) (finding fraudulent joinder of IIED claim where co-worker sent text messages suggesting that plaintiff ought to admit himself for help to induce plaintiff to leave the firm); Appel v. PACCAR, Inc., No. 3:06CV-208-H, 2006 WL 2873434, at *1 (W.D. Ky. Oct. 4, 2006) (finding no likelihood of success for IIED claim where co-worker told plaintiff that he would watch plaintiff "go up in flames" and make sure plaintiff would not survive a performance improvement plan).  Based on the relevant case authority, Plaintiff's allegations of Mr. Norris's

conduct certainly "do not even remotely resemble the kind of outrageous behavior that is actionable under Kentucky law," Underhill, 186 F. Supp. 2d at 740.  *See also* Miller, 2012 WL 529822 at *1, Appel, 2006 WL 2873434 at *1.

6. Plaintiff's Complaint did not assert any specific facts with respect to Mr. Norris's conduct that would support an IIED claim.  Indeed, the only conduct attributed to Mr. Norris in Plaintiff's Complaint was a conversation in which Mr. Norris indicated that IMA could not work with Plaintiff's health restrictions in his current position, but that Plaintiff would continue with short and long term disability, receive two-thirds of his pay, and retain his medical, dental, and vision benefits.  (Ex. 1, Pl.'s Compl. 3-4).

7. Furthermore, Plaintiff was unable to provide any facts during his June 7, 2012 deposition to establish Mr. Norris's conduct was outrageous.  (Excerpts are attached hereto as Exhibit 2).  Plaintiff's only evidence of "outrageous" conduct by Mr. Norris was that, on March 29, 2011, Mr. Norris sent a letter to Dr. Dale Haller, an independent medical examiner, requesting information concerning Plaintiff's health condition:

> Q. What part of Mr. Norris['s] actions towards you are you claiming were outrageous or intolerabl[e] or that which generally offends the accepted standards of decency and morality?
>
> A. The letter.
>
> Q. Anything else?
>
> A. No.

(Ex. 2, Muth Dep. 192:18-24, *see also* 166:13-4).  However, when asked about the letter, Plaintiff characterized it as "a rather neutral thing," (*see* Ex. 2, Muth Dep. 165:5-6), and agreed that Mr. Norris was not acting outrageously:

> Q. [The letter]'s not what you would call … an outrageous or intolerable act on behalf of Mr. Norris, is it?

    A.  No.

    Q.  It's rather polite actually, isn't it? Professional?

    A.  The letter to Dr. Haller certainly is. . . .

(Ex. 2, Muth Dep. 165:11-18; *see also* 168:2-3 (Plaintiff stating "I don't believe [the letter] to be an outrageous act.")). After a break, Plaintiff later stated that the letter was "in no way a good thing" because it "misrepresented" the time period a health care provider concluded Plaintiff should refrain from work. (Ex. 2, Muth Dep. 181:4-25). Even assuming, *arguendo*, that the letter "misrepresented" the time period in which Plaintiff should refrain from work, this falls far short of establishing Kentucky's tort of outrage. Consequently, by virtue of Plaintiff's admissions under oath, and the undisputed record evidence, there is no reasonable basis for predicting that state law would find Mr. Norris liable for any outrageous conduct and he has, therefore, been fraudulently joined.

    8.    Therefore, because IMA, a Michigan citizen, is the only Defendant in this action that has not been fraudulently joined by Plaintiff, the properly joined parties are completely diverse and this Court has jurisdiction over the State Court Action under the provisions of 28 U.S.C. § 1332(a), and is now one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq.* in that:

    (a)    Plaintiff is a citizen of Kentucky;

    (b)    IMA is a limited liability company and a citizen of Michigan, as explained above;

    (c)    At the time of the filing of Plaintiff's Complaint and upon the date of filing of this Notice of Removal, Plaintiff and IMA were and continue to be citizens of different states; and

    (d)    Upon information and belief, including Plaintiff's claims for past and future lost wages, past and future lost benefits, emotional distress, mental anguish, humiliation,

embarrassment and punitive damages, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

    9.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within thirty (30) days after the June 7, 2012 deposition of Plaintiff, when it first could be ascertained that Mr. Norris was fraudulently joined and the State Court Action had become removable. Information uncovered in a deposition may constitute a "paper" for the purposes of 28 U.S.C. § 1446(b). Peters v. Lincoln Elec. Co., 285 F.3d 456, 466 (6th Cir. 2002) (holding that "[u]nquestionably, information elicited during a deposition may serve that purpose [as an 'other paper'].").  This also occurred less than one (1) year after the commencement of the State Court Action.

    10.    The Jefferson County Circuit Court in which the State Court Action was commenced is within this Court's District.

    11.    True and correct copies of all process, pleadings and orders served and filed in the State Court Action as of the filing of this Notice of Removal are attached hereto as Exhibit 1.

    12.    True and correct copies of this Notice of Removal and separate Notice of Filing of Notice of Removal will be served upon Plaintiff's counsel and filed with the Clerk of the Jefferson Circuit Court, Louisville, Kentucky in accordance with the provisions of 28 U.S.C. § 1446(d).

    13.    In filing this Notice of Removal, Defendants do not waive any defenses available in this action.

    14.    This Notice of Removal has been verified by Philip C. Eschels, counsel for Defendants herein, pursuant to 28 U.S.C. § 1446(a) and with respect to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully give Notice of Removal of the State Court Action from the Jefferson Circuit Court of Jefferson County, Louisville, Kentucky to this Court in accordance with the foregoing.

Respectfully submitted,

*/s/ Philip C. Eschels*_____
Philip C. Eschels
Blaine R. Blood
BINGHAM GREENEBAUM DOLL LLP
101 South Fifth Street
3500 National City Tower
Louisville, Kentucky  40202
(502) 589-4200
peschels@bgdlegal.com
bblood@bgdlegal.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, KY 40213
(502) 366-6456

*Counsel for Plaintiff*

*/s/ Philip C. Eschels*_____
COUNSEL FOR DEFENDANTS

4794921_1.docx