**JEFFERSON CIRCUIT COURT**
**DIVISION _____**
**CASE NO._____**

11CI 07084

JEFFERSON CIRCUIT COURT
DIVISION SEVEN (7)

**KENNETH MUTH**                                                    **PLAINTIFF**
7106 Leo Saddler Way
Louisville, KY 40229

**v.**

**INTEGRATED MANUFACTURING AND ASSEMBLY, LLC**        **DEFENDANTS**
19881 BROWNSTOWN CENTER DRIVE
BROWNSTOWN, MI 48183   *CM*

**Serve:**
C T CORPORATION SYSTEM
306 W. MAIN STREET
SUITE 512
FRANKFORT, KY 40601

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
OCT 31 2011
BY
DEPUTY CLERK

**And**

**SCOTT A. NORRIS**   *CM*
Human Relations Manager
Integrated Manufacturing and Assembly, LLC
521 Industry Road, Ste. 100
Louisville, KY 40208

**Serve:**
SCOTT A. NORRIS
Human Relations Manager
Integrated Manufacturing and Assembly, LLC
521 Industry Road, Ste. 100
Louisville, KY 40208

## VERIFIED COMPLAINT

Comes the Plaintiff, Kenneth Muth ("Mr. Muth" or "Plaintiff"), by counsel, and for his

Complaint against the Defendant, Integrated Manufacturing and Assembly, LLC ("IMA"), and

Defendant, Scott Norris (hereinafter "Mr. Norris"), states as follows:

1

## JURISDICTION AND VENUE

1.     At all times relevant to this lawsuit, the Plaintiff has been a resident of Kentucky.

2.     Defendant IMA is a foreign corporation with its principal office in Detroit, Michigan. IMA conducts business throughout the Commonwealth of Kentucky and, specifically, in Jefferson County at 521 Industry Rd., Ste. 100, Louisville, KY 40208.

3.     The Defendant Scott Norris is the Human Relations Manager at IMA.

4.     The Plaintiff was terminated by IMA on March 23, 2011.

5.     The events that form the basis of this Complaint occurred in Jefferson County, Kentucky. Thus, venue and jurisdiction are proper in this Court.

6.     The Plaintiff's damages exceed the minimum jurisdictional threshold for this Court.

## FACTS

7.     Mr. Muth worked as an Information Technology Manager for IMA.

8.     Mr. Muth has asthma, Meniere's disease, hypothyroidism, deviated septum, and work related stress as diagnosed by Melissa Hardin, ARNP.

9.     On January 16, 2008, Mr. Muth requested Family Medical Leave for asthma related illnesses.

10.     On June 6, 2010, Melissa Hardin, ARNP wrote a letter to Mr. Norris, Human Resources Manager for IMA, regarding Mr. Muth's medical condition and a determination that he receive short term disability for a period of 3 months and a re-evaluation after that time to determine his health status.

11..     Mr. Muth received a letter from Prudential, dated June 22, 2010, stating that his last day of work was June 4, 2010, citing a disability determination date of June 7, 2010, and highlighting

2

that his disability benefits started on June 14, 2010. The plan calls for an elimination period during which benefits were not payable, therefore he was not eligible for benefits from June 4, 2010 thru June 13, 2010. The bi-weekly benefit amount was $2,334.00, and Mr. Muth was instructed to contact Ms. Mary Batty, disability claims manager, if he planned on returning to work prior to July 5, 2010.

12.    Mr. Muth's doctor, Melissa Hardin ARNP, wrote a letter to Prudential insurance company on September 3, 2010 stating that Mr. Muth underwent sinus surgery on August 24, 2010 with some complications postoperatively.  It was expressed by Dr. Crelly (ENT Specialist) that recovery time can be up to three (3) weeks for a typical healthy patient and that, due to his complications after surgery and his job responsibilities (including heavy lifting), returning to work was not acceptable.  Furthermore, Melissa Hardin, ARPN stated her concern for continued chronic infections unless his long work hours and constant change in air temperature and pollutants were changed within his workplace.

13.    Mr. Muth received disability benefits from Prudential through September 5, 2010 per Melissa Hardin, ARNP's letter of September 3, 2010.

14.    Mr. Muth received a letter from Prudential dated October 5, 2010 stating that they had completed their investigation regarding his claim for loss of income benefits under IMA's Short Term Disability plan and were unable to extend the benefits past September 19th, 2010, as Melissa Hardin, ARNP had released him to work a forty hour work week.

15.    On September 16, 2010 Mr. Muth spoke with Mr. Norris, Human Relations Manager, who indicated that IMA could not accommodate his restrictions and that the company no longer had a job for Mr. Muth. After a lengthy conversation, they came to a mutual agreement that Mr. Muth would continue with both Short Term Disability and Long Term Disability.   Mr.  Norris

3

indicated that Mr. Muth could continue to receive two-thirds of his pay, as well as medical, dental and vision and that Mr. Norris was to notify Prudential of this determination.

16.     Mr. Norris was to contact Mr. Muth at a later date to arrange a time for Mr. Muth to pick up his personal belongings and return the following items that were in Mr. Muth's possession for use as an employee: (1) laptop PC; (2) access card; (3) plant keys; and (4) remote access token.

17.     On October 11, 2010 Melissa Hardin, ARNP once again wrote a letter to Prudential Insurance regarding the environment in which Mr. Muth was working and how it attributed to his health.  She once again stated that Mr. Muth (1) should work a maximum of 40 hours per week and (2) that the workplace environment had caused Mr. Muth not to be able to work in his position. Furthermore, she stated that the following factors are what made the workplace environment inappropriate for Mr. Muth: (1) early morning start time which consist of cold damp air, (2) constant change in temperatures, i.e. factory (cold or hot) and temperature controlled office, (3) temperatures may reach 80 degrees causing fatigue, (4) carrying heavy objects, including printers, with a maximum of 75lbs, and, (5) crawling into close spaces with machinery.

18.     On December 7, 2010 Prudential wrote a lengthy letter to Mr. Muth. They determined that his Short Term Disability would be terminated and that they would disallow his pending Long Term Disability claim.  Furthermore, on December 6, 2010 Prudential wrote a letter to IMA and Mr. Norris regarding a decision by Prudential to terminate Mr. Muth's Short Term Disability on September 20, 2010 and to disallow his pending Long Term Disability claim.

19.     On February 1, 2011 Mr. Muth underwent an independent medical examination (IME) by Dr. Dale Haller, Jr. ("Dr. Haller").  Dr. Haler would not support Melissa Hardin ARPN's recommendations regarding the workplace environment restrictions.  Based on that decision, IMA wrote a letter to Mr. Muth on March 8, 2011 enclosing a copy of the IME and stating that

4

unless his primary care physician had changed his recommendations, IMA would not be able to provide a job as an IT Manager. Furthermore, the letter stated that if they did not receive same by March 23, 2011 changing/eliminating the restrictions, they would terminate his employment on that day

20.     On March 17, 2011 Mr. Muth wrote a letter to Mr. Norris stating that he, Mr. Muth, had spoken to Dr. Haller regarding how to prove that the work restrictions/accommodations were necessary. Dr. Haller had given him a two-step method that would provide medically verifiable information, as follows: (1) take peak flow meter readings at various times and specifically when an activity/exposure seems to cause an asthmatic reaction and (2) If the peak flow meter reading previously stated shows an exacerbation of asthma during the activity/exposure, IMA should engage an environmental health firm to take spirometer readings during the same situation. Furthermore, Melissa Hardin, ARNP further agreed to lift his restrictions based on IMA providing the monitoring stated above.

21.     On March 17, 2011 William Smits, M.D. from The Allergy and Asthma center wrote a letter on behalf of Mr. Muth stating that he had been treating Mr. Muth for chronic asthma. He further stated that Mr. Muth's overall health would benefit from avoiding as many asthma triggers as possible.

22.     Mr. Muth appealed the decision by Prudential disallowing his claim for Long Term Disability stating that they failed to consider all of the work restrictions and limitations.

23.     Mr. Muth was terminated on March 23, 2011.

## FIRST CAUSE OF ACTION

## DISCRIMINATION ON THE BASIS OF DISABILITY

## OR PERCEIVED DISABILITY

24.     The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1

through 23 above, as if fully set forth with particularity herein.

25.     IMA's perception of Mr. Muth's medical status was a substantial motivating factor in,

and did make a difference in, the adverse employment decisions, which, inter alia, resulted in a

discriminatory work environment, including, but not limited to, the decisions to terminate Mr.

Muth and to refuse to accommodate his chronic asthma.

26.     IMA has committed against Mr. Muth the unlawful practice of discrimination against an

individual because of such individual's disability, either real or perceived, under KRS § 344.040.

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.     The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1

through 26 above, as if fully set forth with particularity herein.

28.     The conduct of IMA and Mr. Norris was intentional or reckless conduct. The Defendants

had the specific purpose of inflicting emotional distress on Mr. Muth or acted recklessly in

deliberate disregard for a high degree of probability that the emotional distress would result.

Due to the conduct of both IMA and Mr. Norris, Mr. Muth suffers from embarrassment,

humiliation, depression, and extreme mental and emotional distress.

29.     The aforestated conduct of IMA and Mr. Norris was extreme and outrageous conduct.

Such conduct went beyond all possible bounds of decency, was atrocious and utterly intolerable

in a civilized community. It amounted, inter alia, to compounded criminal retaliation under the

6

laws of the Commonwealth of Kentucky.

30.    The emotional distress caused to Mr. Muth by the aforestated conduct of IMA and Mr. Norris was so severe that no reasonable person should be expected to endure it.

31.    The cumulative effect of the foregoing actions by the Defendants was intentional or reckless conduct, which was extreme and outrageous, and which caused severe emotional distress, embarrassment and humiliation to Mr. Muth.

## ENTITLEMENT TO RELIEF

32.    As a direct and proximate result of Defendants' wrongful conduct toward him, Plaintiff was denied wages and benefits of employment, for which he should recover substantial actual and compensatory damages from the Defendants.

33.    As a direct and proximate result of Defendants' actions toward him, Plaintiff has mental and emotional distress, for which he should recover substantial actual damages from the Defendants.

WHEREFORE, the Plaintiff demands as follows:

1.    A trial by jury.

2.    Judgment against the Defendants for substantial actual and compensatory in amounts to be determined by a jury of his peers.

3.    Damages in the form of back pay, front pay, and benefits.

4.    Damages for embarrassment and humiliation.

5.    Costs and attorney's fees associated with this action.

6.    Leave to amend this Complaint as proof develops.

7.    Such other relief as the Court may deem proper.

Respectfully Submitted,

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, KY 40213
(502) 366-6456
Counsel for Plaintiff

CIVIL ACTION NO. 11-CI-07084 CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT
JEFFERSON CIRCUIT COURT
DIVISION SEVEN (7)
JUDGE AUDRA J. ECKERLE

20I DEC 12 A 9 35

KENNETH MUTH                                                    CLERK  S                                PLAINTIFF

v.                                       BY___ **ANSWER** ___ D.C.

INTEGRATED MANUFACTURING AND                                                    DEFENDANTS
ASSEMBLY AND SCOTT A. NORRIS

\* \* \* \* \*

Comes the Defendants, Integrated Manufacturing ("Integrated") and Scott A. Norris
("Norris") (collectively, "Defendants"), by counsel, and for their Answer to Plaintiff, Kenneth
Muth's ("Muth"), Complaint, state as follows:

\* \* \* \* \*

## JURISDICTION AND VENUE

1.     Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in numerical paragraph 1 of Muth's Complaint and,

therefore, deny those allegations.

2.     Defendants admit IMA is a foreign corporation with its principal place of business in

Southfield, Michigan.  Defendants further admit that IMA conducts business in Kentucky

and has a facility at 521 Industry Road, Ste. 100, Louisville, Kentucky 40208.

Defendants deny the remaining allegations contained in numerical paragraph 2 of Muth's

Complaint.

3.     Defendants admit that Scott Norris is the Human Resource Manager at IMA.  Defendants

deny the remaining allegations contained in numerical paragraph 3 of Muth's Complaint.

4.    Defendants deny the allegations contained in numerical paragraph 4 of Muth's

Complaint.

5.    The allegations contained in numerical paragraph 5 of Muth's Complaint call for a legal

conclusion to which no response is required.  To the extent a response is required, the

allegations are denied.

6.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in numerical paragraph 6 of Muth's Complaint and,

therefore, deny those allegations.

## FACTS

7.    Defendants admit the allegations contained in numerical paragraph 7 of Muth's

Complaint.

8.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in numerical paragraph 8 of Muth's Complaint and,

therefore, deny those allegations.

9.    Defendants admit the allegations contained in numerical paragraph 9 of Muth's

Complaint.

10.   With respect to the allegations contained in numerical paragraph 10 of Muth's

Complaint, Defendants admit they received a letter from Melissa Hardin, ARNP

("Hardin") dated June 2, 2010, which speaks for itself, but are without knowledge or

information sufficient to form a believe as to the remaining allegations contained in

numerical paragraph 10 of Muth's Complaint.

11.   With respect to the allegations contained in numerical paragraph 11 of Muth's

Complaint, Defendants admit they received a letter from Prudential in June 2010 that

speaks for itself, but Defendants are without knowledge or information sufficient to form

2

a belief as to the truth of the remaining allegations contained in numerical paragraph 11 of Muth's Complaint and, therefore, deny those allegations.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 12 of Muth's Complaint and, therefore, deny those allegations.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 13 of Muth's Complaint and, therefore, deny those allegations.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 14 of Muth's Complaint and, therefore, deny those allegations.

15. With respect to the allegations contained in numerical paragraph 15 of Muth's Complaint, Defendants admit that Norris and Muth had a discussion regarding Muth's restrictions, his inability to continue performing the duties of his job and the accommodation of continuing to receive disability benefits as provided for under his benefits plan, but deny the remaining allegations contained in numerical paragraph 15 of Muth's Complaint.

16. Defendants admit the allegations contained in numerical paragraph 16 of Plaintiff's Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 17 of Muth's Complaint and, therefore, deny those allegations.

3

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 18 of Muth's Complaint and, therefore, deny those allegations.

19.    With respect to the allegations contained in numerical paragraph 19 of Muth's Complaint, Defendants admit Dr. Dale Haller, Jr. ("Dr. Haller") conducted a medical examination of Muth and sent a letter to Muth following Dr. Haller's exam, which speaks for itself, and, to the extent Plaintiff intends to assert the statements in the letter as fact, Defendants are without knowledge or information sufficient to form a belief as to the truth of the of the allegations contained in numerical paragraph 19 of Muth's Complaint and, therefore, deny those allegations.

20.    Defendants deny the allegations contained in numerical paragraph 20 of Muth's Complaint.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 21 of Muth's Complaint and, therefore, deny those allegations.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 22 of Muth's Complaint and, therefore, deny those allegations.

23.    Defendants deny the allegations contained in numerical paragraph 23 of Muth's Complaint.

## FIRST CAUSE OF ACTION
## DISCRIMINATION ON THE BASIS OF DISABILITY
## OR PERCEIVED DISABILITY

24.    Defendants admit or deny the allegations contained in paragraphs 1-23 as set forth above.

4

25. Defendants deny the allegations contained in numerical paragraph 25 of Muth's Complaint.

26. Defendants deny the allegations contained in numerical paragraph 26 of Muth's Complaint.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTION DISTRESS

27. Defendants admit or deny the allegations contained in paragraphs 1-26 as set forth above.

28. Defendants deny the allegations contained in numerical paragraph 28 of Muth's Complaint.

29. Defendants deny the allegations contained in numerical paragraph 29 of Muth's Complaint.

30. Defendants deny the allegations contained in numerical paragraph 30 of Muth's Complaint.

31. Defendants deny the allegations contained in numerical paragraph 31 of Muth's Complaint.

## ENTITLEMENT TO RELIEF

32. Defendants deny the allegations contained in numerical paragraph 32 of Muth's Complaint.

33. Defendants deny the allegations contained in numerical paragraph 33 of Muth's Complaint.

34. Defendants deny that Muth is entitled to any relief for which he demands.

35.     To the extent not specifically admitted in this Answer, the allegations contained in the

Complaint are denied.

### FIRST DEFENSE

36.     Muth's Complaint, in whole or in part, fails to state a claim upon which relief may be

granted.

### SECOND DEFENSE

37.     Muth's damages, if any, are not the result of any action or inaction taken by Defendants.

### THIRD DEFENSE

38.     Muth has failed to mitigate his damages, if any.

### FOURTH DEFENSE

39.     Muth's claim for intentional infliction of emotional distress is preempted by the

Kentucky Civil Rights Act.

### FIFTH DEFENSE

40.     Muth is unable to establish a *prima facie* case of discrimination under state law.

### SIXTH DEFENSE

41.     All actions taken by Defendants were taken for legitimate non-discriminatory reasons.

### SEVENTH DEFENSE

42.     Muth is unable to establish that Defendants' actions were a pretext for discrimination.

### EIGHTH DEFENSE

43.     Muth does not have a "disability" under the KCRA.  Muth is not a "qualified individual

with a disability" under the KCRA and, therefore, any alleged adverse employment

action taken against him cannot violate the statute.

6 -

### NINTH DEFENSE

44.    Defendants did not regard Muth as a person with a "disability" as that term is defined by

the KCRA.

### TENTH DEFENSE

45.    Muth does not have a "record of a disability" as that term is defined by the KCRA.

### ELEVENTH DEFENSE

46.    Because Muth does not have a "disability" under the KCRA, Defendants owed Muth no

duty of accommodation.

### TWELFTH DEFENSE

47.    Muth was provided a reasonable accommodation.

### THIRTEENTH DEFENSE

48.    Muth did not request a reasonable accommodation.

### FOURTEENTH DEFENSE

49.    Muth could not reasonably be accommodated.

### FIFTEENTH DEFENSE

50.    Defendants' conduct was not intentional, reckless, extreme or outrageous.

### SIXTEENTH DEFENSE

51.    Defendants' actions towards Muth were not intended to cause emotional distress to Muth.

### SEVENTEENTH DEFENSE

52.    Defendants reserve the right to amend this Answer to raise any and all defenses,

affirmative or otherwise, which may become available to them through discovery.

### PRAYER FOR RELIEF

WHEREFORE, Defendants request relief as follows:

    A.    That Muth's Complaint be dismissed in its entirety, with prejudice;

7

B.   That Muth be required to pay any costs, expenses, and/or attorney's fees for

Defendants, and any post and/or pre-Judgment interest thereon; and

C.   Any and all further relief to which Defendants may be entitled.

Respectfully submitted,

_Brigid O'Reilly Gies_

Philip C. Eschels
Brigid O'Reilly Gies
Greenebaum Doll & McDonald PLLC
101 South Fifth Street
3500 National City Tower
Louisville, Kentucky 40202
Phone: (502) 589-4200
Facsimile: (502) 587-3695

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of December, 2011 a copy of the foregoing
Answer was served via U.S. mail on:

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, Kentucky 40213
Phone: (502) 366-6456
Jen.l.mccarty@gmail.com

COUNSEL FOR PLAINTIFF
KENNETH MUTH

_Brigid O'Reilly Gies_

COUNSEL FOR DEFENDANTS

4605507_1.doc

8

CIVIL ACTION NO. 11-CI-07094                                JEFFERSON CIRCUIT COURT
                                                                DIVISION SEVEN (7)
                                                             JUDGE AUDRA J. ECKERLE

CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT

2012 JAN -5  A 10: 06

KENNETH MUTH                                                                    PLAINTIFF

CLERK 5

v.                          **NOTICE OF CHANGE OF LAW FIRM NAME**

BY_____D.C.

INTEGRATED MANUFACTURING AND                                         DEFENDANTS
ASSEMBLY, LLC AND
SCOTT A. NORRIS

*     *     *     *     *

PLEASE TAKE NOTICE that, effective January 2, 2012, Greenebaum Doll &

McDonald PLLC merged with Bingham McHale LLP to form a new law firm known as

Bingham Greenebaum Doll LLP. The attorneys of record in this matter previously affiliated

with Greenebaum Doll & McDonald PLLC are now affiliated with Bingham Greenebaum Doll

LLP. The contact information for these attorneys remains the same except for their email

addresses, which have changed as follows:

peschels@bgdlegal.com

bgies@bgdlegal.com

Respectfully submitted,

_____

Philip C. Eschels
Brigid O'Reilly Gies
Greenebaum Doll & McDonald PLLC
101 South Fifth Street
3500 National City Tower
Louisville, Kentucky 40202
Phone: (502) 589-4200
Facsimile: (502) 587-3695

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of January, 2012 a copy of the foregoing Answer was served via U.S. mail on:

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, Kentucky 40213
Phone:  (502) 366-6456
Jen.l.mccarty@gmail.com

COUNSEL FOR PLAINTIFF
KENNETH MUTH

4626642_1.docx

COUNSEL FOR DEFENDANTS

2

CIVIL ACTION NO.: 11-CI-07094                    JEFFERSON CIRCUIT COURT
                                                      DIVISION SEVEN (7)
                                                   JUDGE AUDRA J. ECKERLE

KENNETH MUTH                                                    PLAINTIFF

v.                   **DEFENDANTS' FIRST SET OF**
          **INTERROGATORIES AND REQUESTS FOR PRODUCTION OF**
                **DOCUMENTS TO PLAINTIFF KENNETH MUTH**

INTEGRATED MANUFACTURING AND                         DEFENDANTS
ASSEMBLY, LLC AND
SCOTT A. NORRIS
                              *   *   *   *   *

   Defendants, Integrated Manufacturing and Assembly, LLC ("IMA") and Scott A. Norris

("Norris") (collectively, "Defendants"), by counsel, propound this First Set of Interrogatories and

Requests for Production of Documents to Plaintiff, Kenneth Muth ("Plaintiff" or "Muth"). The

Interrogatories are to be answered in writing, under oath, within thirty (30) days of the date of

service hereof. Plaintiff is requested to produce for inspection and/or copying all documents

responsive to the Requests for Production to Philip C. Eschels or Brigid O'Reilly Gies at the

offices of Bingham Greenebaum Doll LLP, 3500 National City Tower, 101 S. 5th Street,

Louisville, Kentucky 40202, within thirty (30) days of service hereof.

   The instructions and definitions to be utilized in complying with these Interrogatories and

Requests are as follows:

                       **DEFINITIONS AND INSTRUCTIONS**

1.      "You" or "your" shall mean and refer to the individual Plaintiff to whom these

       Interrogatories and Requests are directed, and his attorneys, investigators, agents,

       consultants, experts, representatives or any other person acting on his behalf or at his

       request.

2.     "IMA" shall mean and refer to Defendant, Integrated Manufacturing and Assembly, LLC, its attorneys, investigators, agents, consultants, experts, employees, representatives or any other person acting on its behalf or at its request.

3.     "Norris" shall mean and refer to Defendant, Scott A. Norris.

4.     The term "document" or "documents" shall be used in its broadest sense and shall mean: originals, drafts, and all non-identical copies and reproductions of: records; papers; correspondence; written communications (including internal and external communications); reports, directives; computer print-outs or tapes; summaries, records, notes, or memoranda of telephone conversations; summaries, records, notes, motions, reports, memoranda or minutes of personal conversations, interviews, conferences or meetings; executed agreements and all other forms of understanding; memoranda; instructions; projections; tabulations; notes; notebooks; diaries; telephone logs; calendars; travel and expense records; worksheets; receipts; vouchers; books of account (including ledgers, sub-ledgers, journals, sub-journals, vouchers, receipts, invoices and billings and all other financial records); bank records and statements; canceled checks and all vouchers or retained copies, and all debit memos or other banking advises and written bank communication; manuals; books; pamphlets; brochures; circulars; telegrams; cablegrams; tape recordings; transcripts; newspaper or magazine clippings; all non-identical drafts of each document listed above; and other items on which information has been recorded or stored. Different versions of the same document with or without handwritten notation found in the original shall be considered different documents.

5.     The term "communication" as used herein shall mean and include any transmission or exchange of information between two or more persons, whether orally or in writing, and

including without limitation any conversation or discussion by means of letter, telephone, note, memorandum, telegraph, telex, telecopier, cable, e-mail, text message, Twitter, Facebook or any other electronic or other medium.

6.     The term "person" as used herein includes individuals, firms, corporations, partnerships, joint ventures, associations, governmental entities, other entities, or groups of persons, and each division, department, and other unit thereof, unless the context clearly indicates reference only to a specific individual.

7.     The word "date" as used herein shall mean the exact day, month and year, if ascertainable, or if not ascertainable, the best approximation.

8.     The terms "refer to," "referred to," "relate to" or "relating to" a given subject matter means constitutes, contains, embodies, compromises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, or having as a subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specific request.

9.     As used herein, a request to "identify" a natural person shall be deemed a request for that person's name, current home address and telephone number, and the name, address and telephone number of that person's current employer or business, if known, and whether the individual is a present or former employee of one of Ingersoll Rand, his or her precise job or position, titles held, the dates of employment, and the reason for termination of employment if the individual is a former employee.

10.     As used herein, a request to "identify" an entity, such as a corporation, partnership or association, means to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

11.     The term "identify" when used in reference to a document shall mean a statement of the date thereof, the author and, if different, the signer or signers, their addresses, its present or last-known location or custodian and all the means of identifying it.  If any such document was, but is no longer, in your possession or subject to your control, state the present whereabouts of the document, if known.  In the alternative, production of documents responsive to the Request shall constitute sufficient identification of such documents.

12.     With respect to each Interrogatory relating to oral communications, it is intended and requested that the answer to each such interrogatory set forth whether the oral communication was by telephone or face to face, and set forth further the names, addresses, telephone numbers, and business positions or occupations of the persons involved in said communications; the names, addresses and telephone numbers of any other person present during such communications; the date on which such communication took place; and the time and place of said communication.  For any oral communications withheld from identification as attorney-work product, or the subject of attorney-client privilege, describe such oral communication by date, parties involved and a brief description of the contents of the communication.

13.     In lieu of identifying particular documents or communications, such documents or communications may be attached to the Answer to those Interrogatories requesting identification of those documents or communications so long as same is noted in the Answer.

14.     Answers to these Interrogatories shall be responsive to the date on which the Answers to the Interrogatories are filed or served.  These Interrogatories are continuing in nature and

4

Plaintiff is required to provide such additional information as the Plaintiff, his attorney, or anyone acting on behalf of Plaintiff or in concert with the Plaintiff may have or may obtain between the time the answers were served and the time of trial.

15. Wherever appropriate in these Interrogatories and Requests, the singular form of a word shall be interpreted as plural.

16. Wherever appropriate in these Interrogatories and Requests, the masculine form of a word shall be interpreted as feminine and vice versa.

17. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

18. If any document is withheld under a claim of privilege, furnish a list which identifies each document for which the privilege is claimed, including the following information:

   a. The date of the document;

   b. The sender(s);

   c. The recipient(s);

   d. The persons(s) to whom copies were furnished along with their job title(s) or position(s);

   e. The subject matter of the document;

   f. The basis on which the privilege is claimed; and

   g. The paragraph of these Interrogatories and Requests For Production Of Documents to which said document responds.

19. In the event any document referred to in the Request For Production of Documents is not in Plaintiff's possession, custody or control, specify what disposition was made of it and identify the person who has possession, custody or control of the document.

20.    In the event that any document referred to in the Request For Production of Documents has been destroyed, specify the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  State the complete name, business and residence address and telephone number(s) of the person(s) answering these Interrogatories and all persons assisting in the preparation of the answers to these Interrogatories.  For each person designated, please identify the Interrogatory or Interrogatories that person answered or provided assistance in answering.

**ANSWER:**


**INTERROGATORY NO. 2:**  Other than any documents protected by attorney/client privilege, state whether Plaintiff, or anyone on his behalf (other than his counsel), has obtained any written statements from any potential witnesses, parties to this lawsuit and/or any persons with knowledge of relevant facts.  If so, for each person, please state the date, identity of the person providing the statement, and the identity of the person possessing the original statement taken.

**ANSWER:**


**INTERROGATORY NO. 3:**  For each of your past and current addresses for the last five (5) years, state the date you began residing at each address and identify all individuals residing with you at each address.

**ANSWER:**

**INTERROGATORY NO. 4:**  State all of your past and current telephone number(s) for the last five (5) years, including all cell or mobile phones or pagers, and the providers for each (e.g., Verizon Wireless, AT&T, etc.).

**ANSWER:**

**INTERROGATORY NO. 5:**  State all of your past and current e-mail addresses for the last five (5) years which you use/used or have/had access to, including the provider for each (e.g. yahoo, hotmail, etc.).

**ANSWER:**

**INTERROGATORY NO. 6:**  For each person who you understand has knowledge of facts that relate to the claims and defenses in this civil action, describe in detail such facts and provide, for each respectively, contact information including home address, work address, e-mail address, cell or other telephone number, or other manner of contact.

**ANSWER:**

**INTERROGATORY NO. 7:**  Other than your legal counsel, identify all persons or entities with whom you have had contact, discussions, correspondence or other communications regarding the claims in your Complaint including, but not limited to, representatives of any organization, government agencies, present or former employees of IMA, or people who may have knowledge of the facts and circumstances concerning your claims or any defenses thereto.  Please provide the last known address and telephone number, if known, for each identified person.

**ANSWER:**

**INTERROGATORY NO. 8:** State the following for all of your employers within the last ten

(10) years, excluding IMA, including any employer prior to or following your employment with

IMA:

       a.       name, address, and telephone number;

       b.       name of immediate supervisor;

       c.       salary or rate of pay at beginning and end of each employment;

       d.       position(s) held; and

       e.       reason for leaving.

**ANSWER:**

**INTERROGATORY NO. 9:** For all attempts made by you to obtain employment, either full or

part time, with any person, employer, firm, institution, agency, corporation, business, entity or

public employer or agency, beginning from the date you began employment with IMA to the

present, state and/or identify the following:

       a.       the name, address and phone number of each person, firm, employer, institution, agency, corporation, entity or business to which you submitted an application, interviewed, corresponded with or otherwise sought or applied for employment;

       b.       the date of each application, contact, correspondence or attempt to find employment;

       c.       the position(s) for which you applied or sought employment;

       d.       the action taken by the prospective employer upon your application or other attempt to obtain employment and the reason(s), if any, for such action; and

       e.       whether you received, refused or rejected any offer(s) for employment.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify and provide a detailed computation of each and every category of damages that you claim to have suffered as a result of Defendants' alleged actions, including an explanation for the basis for the calculation of each dollar amount and the identification of any and all documents or data which relates to or supports each calculation.

**ANSWER:**

**INTERROGATORY NO. 11:** For every source of income (whether from employment, government benefit, insurance benefit, the sale of anything of value, gift, profits, return on investment or otherwise) that you have earned or received subsequent to your employment with IMA, identify the name, address, and telephone number of each employer, person, or entity that was a source of income to you and the gross income paid to or received by you from each employer, person or entity.

**ANSWER:**

**INTERROGATORY NO. 12:** If you have applied for or received unemployment or disability benefits within the last ten (10) years, specifically state the type of benefit applied for or received, when you applied for said benefit, how much you received pursuant to each benefit and how long you received said benefit.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify any and all physicians, psychologists, hospitals, or other health care providers, who treated you for any condition related to the allegations in your Complaint or for any other condition for which you are seeking damages in this action. As to each such provider of care, identify:

    a.     the provider's name and business address and telephone number;

    b.     the conditions for which you were treated;

    c.     the date of each visit or treatment;

    d.     types and nature of treatment;

    e.     any medication or therapy prescribed;

    f.     the results of treatment;

    g.     whether further treatment is expected or prescribed; and

    h.     the name and occupation of the person who referred you to the care provider.

**ANSWER:**

**INTERROGATORY NO. 14:** You allege that you have suffered "emotional distress" and other compensatory damages as a result of Defendants' alleged conduct. In an effort to discover the nature and extent of your emotional injuries, and to discover other potentially contributing physical and emotional causes of your injuries, a blank copy of an Authorization for the Use and Disclosure of Health Information and Authorization for the Use and Disclosure of Psychotherapy Notes are attached to these Interrogatories. Please state whether you are willing to execute the Authorizations so that counsel for Defendants may obtain copies of your medical, psychological, and psychiatric records. If you are willing, please identify each medical provider on the Authorizations, sign the Authorizations and return with your responses to these Interrogatories. If you will not execute the Authorizations, please state the basis for your refusal to do so.

**ANSWER:**

**INTERROGATORY NO. 15:** If you have ever been arrested, pled guilty or *nolo contendere*, or have been convicted of any crime, please provide full details as to each including, but not

limited to, the county and state where the arrest, plea, or conviction occurred, the case number of

such arrest or conviction, a description of the crime for which you were charged or convicted, the

date of the arrest, plea, or conviction, and the disposition and/or the punishment assessed.

**ANSWER:**

**INTERROGATORY NO. 16:**  If you are or have ever been a party to, or given sworn

testimony in, a civil or criminal lawsuit (other than this one) or any type of administrative

proceeding, state the full style and case number of the action, including the state in which it was

filed, the full name of the court or administrative forum and the parties' names, the names of the

parties' attorneys, the nature of the action and claims asserted therein, and the outcome or current

status of the action.

**ANSWER:**

**INTERROGATORY NO. 17:**  Please set forth your educational background including, but not

limited to, the name and address of each school attended, the years attended, curriculum, degree,

diploma or certificate awarded, and the grades or levels completed or attended at each school,

including any and all vocational or other training or instruction you have received.

**ANSWER:**

**INTERROGATORY NO. 18:**  Identify every exhibit that you will or may submit at the trial of

this matter in support of your claims against Defendants.

**ANSWER:**

**INTERROGATORY NO. 19:**  For each person you expect to call as a fact witness at the trial, identify his or her full name, address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 20:**  For each person you expect to call as an expert witness at the trial of this matter, identify:

      a.     his or her full name, address and telephone number;

      b.     area of expertise;

      c.     the subject matter in which the expert is expected to testify;

      d.     the substance of the facts and opinions to which the expert is expected to testify; and

      e.     a summary of the grounds for each such opinion.

**ANSWER:**

**INTERROGATORY NO. 21:**  Identify all social media accounts (Facebook, MySpace, Twitter, etc.) maintained by you at any time since you began working for IMA.

**ANSWER:**

**INTERROGATORY NO. 22:**  Confirm that you have read the information and instructions below and complied with the following for downloading information from your Facebook account:

Downloading Information from Facebook

- Log in to account (you may need to enter your password at various points throughout this process).
- Click on "Accounts" (upper right-hand corner)
- Select "Account Settings"

- Scroll down to "Download Your Information"
- Click on "learn more"
- Click on the "Download" button
- A box will appear in the middle of the screen titled "Request my Download"
- Click on the "Download" button in the center of that box.
- You will receive an e-mail with a file attachment.
- Forward the e-mail with the file attachment to your attorney so that he can produce the file.

<u>When I download my information from Facebook, what is included in the file?</u>

- Your profile information (e.g., your contact information, interests, groups)
- Wall posts and content that you and your friends have posted to your profile
- Photos and videos that you have uploaded to your account
- Your friend list
- Notes you have created
- Events to which you have RSVP'd
- Your sent and received messages
- Any comments that you and your friends have made on your Wall posts, photos, and other profile content
-

<u>Can I pick and choose which data I would like to download?</u>

- There is no way to individually select which data you would like to download. You will have to download your file in its entirety.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Produce all documents or writings that are identified, described, relate to and/or were referred to by you in preparing your Answers to the Interrogatories set forth above.

**REQUEST FOR PRODUCTION NO. 2:**  Produce any non-privileged documents supporting or underlying your claim that IMA discriminated against you.

**REQUEST FOR PRODUCTION NO. 3:**  Produce any non-privileged documents supporting or underlying your claim that Norris discriminated against you.

**REQUEST FOR PRODUCTION NO. 4:**  Produce any documents supporting or underlying your claim that Norris intentionally caused you emotional distress.

**REQUEST FOR PRODUCTION NO. 5:**  Produce any documents supporting or underlying your claim that IMA intentionally caused you emotional distress.

**REQUEST FOR PRODUCTION NO. 6:**  Produce any non-privileged statements obtained from potential witnesses, parties to this lawsuit and/or any persons with knowledge of the relevant facts.

**REQUEST FOR PRODUCTION NO. 7:**  Produce any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication exchanged between you and Norris from January 1, 2008 through the present.

**REQUEST FOR PRODUCTION NO. 8:**  Produce any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication exchanged between you or anyone on your behalf and current or former employees of IMA from January 1,

2008 through the present that concern or relate to the events, facts or circumstances underlying the claims of your Complaint.

**REQUEST FOR PRODUCTION NO. 9:** Produce any and all documents reflecting any disciplinary action taken against you throughout the duration of your employment with IMA.

**REQUEST FOR PRODUCTION NO. 10:** Produce any and all documents reflecting any reviews, analysis, comments or observations by your managers, supervisors or co-workers at IMA regarding your job performance throughout the duration of your employment at IMA.

**REQUEST FOR PRODUCTION NO. 11:** Produce any and all documents reflecting your work schedule or time and/or numbers of hours you were expected to, and did, work at IMA from January 1, 2008 through the termination of your employment with IMA, including, but not limited to, calendars (paper or electronic), pay stubs, time cards and daily/monthly planners.

**REQUEST FOR PRODUCTION NO. 12:** Produce any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication relating to persons with knowledge of the allegations, events, and claims relating to the claims or defenses raised in this action.

**REQUEST FOR PRODUCTION NO. 13:** Produce any and all documents relating to any application or other effort made by you from the commencement of your employment with IMA to the present to obtain employment or activity of any kind for pay, cash or taxable income of any kind, other than with IMA.

**REQUEST FOR PRODUCTION NO. 14:** Produce any and all documents of IMA in your possession or control (including those provided to or in the possession or control of your attorney). For purposes of this Request, "documents of IMA" includes any and all documents

created, generated or distributed by IMA or its respective agents, representatives, or employees, obtained from IMA or its respective agents, representatives, or employees, provided by or through IMA, or otherwise the property at some time of IMA.

**REQUEST FOR PRODUCTION NO. 15:** Included with these discovery requests are authorizations for release of personnel records from your former and/or current employer(s) identified in your Answer to Interrogatory No. 8.  Please sign the Authorization so that Defendants' counsel may obtain copies of your employment records.  If you will not execute the Authorizations, please state the basis for your refusal to do so.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents which you expect or plan to use at the trial of this matter, either as independent evidence, for impeachment purposes, to refresh recollection, rebuttal, or otherwise.

**REQUEST FOR PRODUCTION NO. 17:** Produce any and all documents relating to any income, money, expenses, costs, or thing of value received from employment or other activity, whether as an employee, an independent contractor, unemployment insurance, disability insurance or ownership or investment in a business, which you have been occupied or involved subsequent to your employment with IMA.

**REQUEST FOR PRODUCTION NO. 18:** Produce any and all documents which refer or relate to any civil action, or other civil or criminal litigation or administrative complaint against any person, employer or entity to which you have been a party in the last 10 years including, but not limited to, all pleadings, correspondence, deposition transcripts, releases or settlement agreements or any other documents which refer to any civil action, arbitration or administrative complaint filed by or brought against you.

**REQUEST FOR PRODUCTION NO. 19:**  Produce any and all documents reflecting to, relating to or memorializing the agreement you and Mr. Norris allegedly entered into, as referenced in paragraphs 15 and 16 of the Complaint.

**REQUEST FOR PRODUCTION NO. 20:**  Produce any and all documents in your possession or control relating to the Independent Medical Exam performed by Dr. Dale Haller and any additional communications between you and Dr. Haller.

**REQUEST FOR PRODUCTION NO. 21:**  Produce any and all documents which relate in any manner to the measure of, source, claim and dollar amount of damage which you seek to recover in this matter.

**REQUEST FOR PRODUCTION NO. 22:**  Produce your annual federal and state income tax returns and all related documents including, but not limited to, all W-2 forms, other attachments and/or schedules attached thereto, and paycheck stubs for the calendar years for 2009, 2010 and 2011.

**REQUEST FOR PRODUCTION NO. 23:**  Produce all documents and materials you or any of your representatives provided to any expert for review in this matter.

**REQUEST FOR PRODUCTION NO. 24:**  Produce all documents and materials your expert is relying upon in reaching conclusions in this matter.

**REQUEST FOR PRODUCTION NO. 25:**  Produce all information and data from any social media account identified in Answer to Interrogatory Nos. 21 and 22.

Respectfully submitted,

Philip C. Eschels
Brigid O'Reilly Gies
Bingham Greenebaum Doll LLP
101 South Fifth Street
3500 National City Tower
Louisville, Kentucky 40202
Phone: (502) 589-4200
Facsimile: (502) 587-3695

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of January, 2012 a copy of the foregoing Interrogatories and Requests for Production of Documents to Plaintiff, Kenneth Muth, was served via U.S. mail on:

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, Kentucky 40213
Phone: (502) 366-6456
Jen.l.mccarty@gmail.com

COUNSEL FOR PLAINTIFF
KENNETH MUTH

COUNSEL FOR DEFENDANTS

4612262_1.docx

18

## AUTHORIZATION FOR THE USE AND DISCLOSURE OF HEALTH INFORMATION

Patient's full legal name: _____

Social Security No.: _____     Date of birth: _____

I, the above named PATIENT, hereby authorize and direct _____
_____
("PROVIDER") to disclose to Bingham Greenebaum Doll LLP and to any attorney or paralegal
employed or associated therewith ("RECIPIENTS"), all of my medical records and information
created, received or maintained by PROVIDER, including, but not limited to: all records,
documents, notes, writings, summaries, and recordings, consultation related documents,
diagnoses, prognoses, treatment plans, and hospital records, whether by PATIENT, a physician,
a nurse or any other person, x-rays, MRI, CAT and PET images, laboratory records and reports,
medical charts, orders, all tests of any type or character and any reports regarding such tests,
statements of charges, Medicare and Medicaid records, and any other recorded information
related to my medical history, physical examinations, conditions, care, counseling, prescription,
medication, therapy, treatment or other physical, surgical, emotional, psychiatric or mental health
care provided to me at any time during the past five (5) years. I understand that the information I
am authorizing PROVIDER to release may include information relating to sexually transmitted
disease, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV),
behavioral or mental health services, and/or treatment for alcohol and/or drug abuse. This
Authorization does not apply to psychotherapy notes, as defined by the Health Insurance
Portability and Accountability Act (HIPAA) Privacy Act Regulations, 45 C.F.R. § 164.501.

     I have executed this Authorization for the purpose of obtaining evidence for use in a civil
litigation matter styled *Kenneth Muth v. Integrated Manufacturing Assembly, LLC, et al.* filed in
Jefferson Circuit Court, case no. 11-CI-07094. This Authorization shall expire upon the
conclusion of said litigation and all appeals related thereto, or three (3) years after the date of this
Authorization, whichever occurs first. Neither expiration event has occurred as of the date of my
signing this Authorization. A photocopy of this Authorization shall have the same force and
effect as the original.

     I understand that any information disclosed or obtained hereunder may be subject to
redisclosure in the course of the litigation currently pending and described above. I further
understand that information, once disclosed pursuant to this Authorization, may no longer be
protected by state or federal law. I understand I have the right to revoke this Authorization at
any time by written notice to PROVIDER and RECIPIENT. I understand that, if I do revoke this
Authorization, such revocation will have no affect on any use or disclosure previously made in
response to and reliance upon this Authorization prior to the receipt of the written revocation. I
understand that I am not required to sign this Authorization as a condition of ensuring health care
treatment, payment, or enrollment in any health plan or eligibility for benefits. I understand that
I will be given a copy of this Authorization after signing it.

By: _____     Date: _____

      (Patient's Signature)

Address and Telephone No.: _____

COMMONWEALTH OF KENTUCKY    )

                               ) SS:

COUNTY OF _____ )

      The foregoing instrument was acknowledged before me this _____ day of _____, 2012 by Kenneth Muth.

      My commission expires: _____.

                                   _____

                                         Notary

4628200_1.doc

## AUTHORIZATION FOR THE USE AND
## DISCLOSURE OF PSYCHOTHERAPY NOTES

Patient's full legal name: _____

Social Security No.: _____     Date of birth: _____

I, the above named PATIENT, hereby authorize and direct _____
_____
("PROVIDER") to disclose to Bingham Greenebaum Doll LLP and to any attorney or paralegal
employed or associated therewith ("RECIPIENTS"), all psychotherapy notes, as defined by the
Health Insurance Portability and Accountability Act (HIPAA) Privacy Act Regulations, 45
C.F.R. § 164.501, pertaining to me and created, received or maintained by PROVIDER at any
time during the past five (5) years.

I understand that the information I am authorizing PROVIDER to release may include
information relating to sexually transmitted disease, acquired immunodeficiency syndrome
(AIDS), human immunodeficiency virus (HIV), behavioral or mental health services, and/or
treatment for alcohol and/or drug abuse.

I have executed this Authorization for the purpose of obtaining evidence for use in a civil
litigation matter styled *Kenneth Muth v. Integrated Manufacturing Assembly, LLC, et al.* filed in
Jefferson Circuit Court, case no. 11-CI-07094. This Authorization shall expire upon the
conclusion of said litigation and all appeals related thereto, or three (3) years after the date of this
Authorization, whichever occurs first. Neither expiration event has occurred as of the date of my
signing this Authorization. A photocopy of this Authorization shall have the same force and
effect as the original.

I understand that any information disclosed or obtained hereunder may be subject to
redisclosure in the course of the litigation currently pending and described above. I further
understand that information, once disclosed pursuant to this Authorization, may no longer be
protected by state or federal law.

I understand I have the right to revoke this Authorization at any time by written notice to
PROVIDER and RECIPIENT. I understand that, if I do revoke this Authorization, such
revocation will have no affect on any use or disclosure previously made in response to and
reliance upon this Authorization prior to the receipt of the written revocation.

I understand that I am not required to sign this Authorization as a condition of ensuring health care treatment, payment, or enrollment in any health plan or eligibility for benefits.  I understand that I will be given a copy of this Authorization after signing it.

By: _____   Date: _____

          (Patient's Signature)

Address and Telephone No.: _____

COMMONWEALTH OF KENTUCKY     )
                               ) SS:
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of _____, 2012 by Kenneth Muth.

My commission expires: _____.

_____
                                    Notary

4628201_1.doc

## AUTHORIZATION FOR RELEASE OF PERSONNEL RECORDS

I, **Kenneth Muth** do hereby authorize and direct _____

_____

("EMPLOYER") to disclose to Bingham Greenebaum Doll LLP and to any attorney or paralegal employed or associated therewith ("RECIPIENTS"), any and all information which may be requested regarding my past or present employment, and to allow them or any records custodian appointed by them to obtain and examine all personnel records, including, but not limited to, employment application(s), resume(s), reference check(s), payroll records, disciplinary notice(s), notes or memorandum concerning my performance, attendance, compliance with workplace rules and procedures, job description(s), workers' compensation records, medical records, records relating to benefits and compensation, records of any and all business transactions and any other documents regardless of where retained or located relating in any manner to my employment with _____.
A photocopy of this authorization shall have the same force and effect as the original.

      **IN WITNESS WHEREOF**, I have hereunto set my hand, on this the _____ day of _____, 2012.

_____
(signature of employee)

SSN: _____

4628198_1.doc

**COMMONWEALTH CIRCUIT COURT**
**JEFFERSON CIRCUIT COURT**
**DIVISION SEVEN**
**CASE NO. 11-CI-7084**

**KENNETH MUTH**                                                    **PLAINTIFF**

v.                          **PLAINTIFF'S FIRST SET OF**
                            **INTERROGATORIES TO DEFENDANTS**

**INTEGRATED MANUFACTURING AND ASSEMBLY, LLC, et al**      **DEFENDANTS**

Plaintiff, Kenneth Muth (hereinafter "Mr. Muth" or "Plaintiff"), by and through counsel,

serves the following Plaintiff's First Set of Interrogatories upon Integrated Manufacturing and

Assembly L.L.C and Scott Norris (hereinafter "IMA," "Mr. Norris," and "Defendants"

collectively) to be fully responded to within thirty (30) days of service hereof pursuant to

Kentucky CR 33.

The following instructions and definitions shall apply to the Requests set forth below:

**INSTRUCTIONS FOR ANSWERING**

1.      Please note that all answers are to be made separately and fully and that an

incomplete or evasive answer is a failure to answer. Where an interrogatory calls for an answer

in more than one part, please separate the parts in your answer accordingly so that each part is

clearly set out and understandable.

2.      Where your knowledge or information in your possession is requested, such

request includes knowledge or information in possession of your representatives, employees,

agents, insurers, and, unless privileged, your attorneys.

3.      If you have only incomplete knowledge of the answer to an interrogatory, please

answer to the extent of your knowledge, and state specifically what part or area of the

interrogatory you have only incomplete knowledge of, and identify the person(s) who does or might have additional knowledge or information to complete the answer.

4.      You may answer any interrogatory in whole or in part by attaching a document(s) which contains other information, as well; however, the relevant portion of that document(s) must be so marked or indexed.

5.      Where a statement in your records is requested, please include a specific account of what is being stated or described, including, where applicable, without limitation, the date or time period involved, the identity of any person(s) from whom the information was learned, who would have knowledge of that information, and who participated or was present, what happened in chronological order, relating each identifiable event, response, act, or other thing, where, by address, and, if known, ownership and use, the occurrence took place, the context or circumstances in which the occurrence took place, and what response or reaction existed to cause the occurrence to take place.

6.      Unless otherwise indicated, the time period each interrogatory refers to is that of the occurrences described or referred to in the complaint and any amendments sought or permitted thereto; if, for any reason, this time period is not reasonably clear, in the context of a particular inquiry, then the time period shall be understood to be from **January 2008 to the present.**

7.      For each interrogatory, please identify the person(s) from whom the information contained in the answer is obtained and the person(s) who swears to the truth of that information.

8.      Please note that, pursuant to CR. 26.05, you are under a continuing duty to supplement your responses as provided therein.

9.      If you have an objection to part of an interrogatory, please state that objection and the basis therefore, and answer the remainder of that interrogatory in full.

## DEFINITIONS

A.      "You" or "your" means Defendants, and/or, any officers, agents, board members, employees, former employees or representatives of the Defendants, and all other persons acting on behalf of same, unless otherwise stated.

B.      "Document" means anything on or in which any information is fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any machine or device, and regardless of the medium of expression in which the information is fixed (e.g., print, video, audio, electronic or other medium of expression), including, but not limited to: contracts, agreements, papers, photographs, tape recordings, transcripts, checks, checkbooks, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary legers, or other types of ledgers, worksheets, accounts, bills, promissory notes, invoices, acknowledgments, authorizations, sales confirmations, letters or other forms of correspondence, communications, e mail, telex, TWX, facsimile (fax) and other teletype or electronic communications, hard disk contents and floppy disks, CD, CD ROM, computer tape, zip drive, and other back up device contents, computer printouts, any other printout sheets, movie film, video cassettes, DVD, Blue Ray disc, slides, microfilm, microfiche, memoranda, reports, studies, summaries, minutes, minute books, circulars, notes (whether typewritten, handwritten or otherwise), "note sheets," agenda, bulletins, notices, announcements, advertisements, newspaper articles, proofs, sheets, instructions, charts, tables, manuals, brochures, magazines, pamphlets, lists, schedules, handbooks, telegrams, sketches, diagrams, drafts, books and records, formal records, desk and other calendars, notebooks, diaries, registers, appointment books, analyses, minutes of meetings,

conferences or discussions of any kind, tax returns, leases, deeds, certificates, records, liens, pleadings, briefs, motions, filings, time sheets, and other data compilations from which information can be obtained or translated, if necessary.

The term "document" includes any copy or copies of any of the foregoing on which any mark, alteration or additional writing or other changes from the original, or from any other copy, has been made; and it includes any and all documents now or at any time in the possession, custody or control of the Defendant, its subsidiaries, officers, agents, servants, employees, representatives, attorneys or any other person acting on its behalf.

Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person with possession or custody.

If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom and the date or dates or approximate date or dates on which such disposition was made and why.

C.      "Communicate" or "communication." Every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face to face, by telephone, mail, personal delivery or otherwise.

D.      "Meeting." Any assembly, convocation or encounter, or contemporaneous presence of two or more persons for any purpose, whether or not planned, arranged or scheduled in advance.

E.      "Identify" and "identification" mean as follows:

1.      When used in reference to an individual person, it means to state his or her full name (if known), present or last known business affiliation and position therewith, last known residential address and last known business address.

2.      When used in reference to an organization, corporation, firm or other entity, it means its full name, form of organization (if known), and its present or last known address.

3.      When used in reference to a document, it means to state the type of document (e.g., letter, memorandum, telegram, chart, contract, prospectus, newspaper article, or the like), or some other means of identification; to state its author or originator, the date it was originated, its recipients, its present location by address, and its custodian; and, if the document was, but is no longer, in your possession or subject to your control, to state what disposition was made of it.

4.      When used in reference to a meeting or conference, it means to state the date of the meeting or conference, the place of the meeting or conference, the full name (if known) and the present or last known position, business affiliation and residential address of each person attending the meeting or conference.

5.      When used in reference to a communication, it means to state the full name (if known) of the participants to the communication; to state their business affiliation and business address at the time; to state their present or last known position, business affiliation and residential address; to state the location of each participant at the time the communication took place, which participant initiated the communication and when the communication took place.

F.      "Person" includes an individual, an organization, a corporation, a partnership or joint venture or other entity.

G.      Singulars include plurals, and plurals include singulars.

H.      Masculine forms include feminine and neuter; feminine forms include masculine and neuter; and neuter forms include masculine and feminine.

I.      If you do not answer any interrogatory because of a claim of privilege, set forth the privilege claimed, the acts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.  The foregoing sentence shall similarly apply to a claim of attorney mental impression or work product.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify, pursuant to the instructions and definitions herein, each and every person who participated in or was consulted in answering these Interrogatories and responding to the contemporaneously served Requests for Production of Documents, including the title of the person and the information provided.

**ANSWER:**


**INTERROGATORY NO. 2:** Please identify, pursuant to the instructions and definitions herein, each and every witness or participant to the transactions, communications, or actions which are the subject of the claims contained in Mr. Muth's Complaint against you, and/or the subject of the allegations and purported defenses contained in your Answer to said Complaint, state whether you obtained any statements from the said witnesses, and state the facts or knowledge each witness is believed to possess.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state the name, address, and job title of each individual you intend to call as a witness to testify on your behalf at the trial of this action.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify each and every disciplinary action taken against Mr. Norris for any reason by IMA during his employment with IMA, when such action was taken, and why the disciplinary action was merited.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify any and all discrimination policies and procedures for IMA as well as any and all training provided to employees at that location regarding discrimination.

**ANSWER:**

**INTERROGATORY NO. 6:** Please state the name, age, tenure, disability, if any, and qualifications for the person who was hired or promoted to replace Mr. Muth.

**ANSWER:**

**INTERROGATORY NO. 7:**  Please state the name, age, gender, position, date of hire, and disability, if any, of each employee at IMA since January 2010.

**ANSWER:**

**INTERROGATORY NO. 8:**  Please state if IMA had any policies prohibiting discrimination on the basis of disability, either real or perceived, since January 2008.   If so, please state dates each policy was in place and when the policy was amended, superseded, or abolished.  If there are any dates during this period in which Defendant has not had any policies regarding discrimination on the basis of disability, either real or perceived, please state the reasons why no such policy existed.

**ANSWER:**

**INTERROGATORY NO. 9:**  Please identify all employee complaints (formal or informal, in court or administrative, verbal or written, whether made directly to management or by other means) of discrimination based on disability, either real or perceived, that have been received and/or are known by Defendants and state:

    a.   The name, title, and disability status of each employee who made a complaint;

    b.   The substance of each complaint;

    c.   The date(s) of these complaints;

    d.   The action taken by the employer in response to each complaint; and,

    e.   The name and title of each person responsible for investigating each complaint.

**ANSWER:**

**INTERROGATORY NO. 10:**  If you allege any shortcomings with Plaintiff's job performance, please:

    a.   Identify Plaintiff's specific deficient job performance;

    b.   Identify any rules, guidelines, polices, or procedures Plaintiff allegedly breached;

    c.   Identify any rules, guidelines, policies, or procedures that were used to evaluate Plaintiff's alleged deficient job performance;

    d.   Identify each person who had knowledge of Plaintiff's alleged deficient job performance;

    e.   Describe all warnings given to Plaintiff with respect to Plaintiff's alleged deficient job performance; and,

    f.   Identify any and all complaints registered against Mr. Muth by coworkers or supervisors of Mr. Muth.

**ANSWER:**

**INTERROGATORY NO. 11:** Please state the names of each employee, their tenure, and job title for those employees at IMA who have asked for and/or been given some accommodation for a disability since January 2008.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify the employee or individuals responsible, at the time of the decision to terminate Mr. Muth, for training managers and supervisors regarding disability discrimination, the qualifications of those individuals to do so, and the substance of the training that was actually given to managers and supervisors at IMA regarding the same.

**ANSWER:**

**INTERROGATORY NO. 13:** Please state specifically each and every alleged reason you have for refusing to accommodate Mr. Muth's request for environmental testing of his workspace.

**ANSWER:**

Respectfully submitted,

_____

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Hwy.

Louisville, Kentucky 40213
(502) 366-6456
*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Plaintiff's First Set of Interrogatories to

Defendants was served on the 26th day of January, 2012, via U.S. Mail, postage prepaid to

the following:

Philip C. Eschels
Brigid O'Reilly Gies
GREENEBAUM DOLL & McDONALD, PLLC
101 South Fifth Street
3500 National City Tower
Louisville, KY 40202

_____
*Counsel for Plaintiff*

**COMMONWEALTH CIRCUIT COURT**
**JEFFERSON CIRCUIT COURT**
**DIVISION SEVEN**
**CASE NO. 11-CI-7084**

**KENNETH MUTH**                                                                                    **PLAINTIFF**

**v.**                                        **PLAINTIFF'S FIRST SET OF REQUESTS**
                                **FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

**INTEGRATED MANUFACTURING AND ASSEMBLY, LLC, et al**          **DEFENDANTS**

Plaintiff, Kenneth Muth (hereinafter "Mr. Muth" or "Plaintiff"), by and through counsel,

serves the following Requests for Production of Documents upon Defendants Integrated

Manufacturing and Assembly, L.L.C. and Scott A. Norris (hereinafter "IMA," "Mr. Norris," and

"Defendants" collectively) to be fully responded to within thirty (30) days of service hereof

pursuant to Kentucky CR 34.

The following instructions and definitions shall apply to the Requests set forth below:

**INSTRUCTIONS**

1.      For any document being withheld from production on the basis of a claim of

privilege, state, in a privilege log, the date, authors, recipients, type of document, subject matter,

number of pages and the basis of the claim of privilege.

2.      These Requests are continuing. If, after making your initial production, you

obtain or become aware of any further documents or information responsive to these requests,

you are required to supplement your initial production.

3.      These Requests cover all documents and electronically stored information ("ESI")

in your possession, custody or control or in the possession, custody or control of any of your

agents, affiliates, parents, subsidiaries or representatives, including legal counsel.

4.      All the documents produced in response to these Requests shall be produced for inspection and/or copying as they are kept in the usual course of business, in their original file folders, with all labels or similar markings intact, or alternatively, organized and labeled to correspond with the categories in the Request.  All pages fastened together shall be produced fastened together in the same manner.

5.      Documents not otherwise responsive to these Requests shall be produced if they mention, discuss, refer to or explain any document that is responsive to these Requests, or if they are attached to any document or ESI that is responsive to these Requests, including, by way of example and without limitation, transmittal memoranda, cover pages, comments, evaluations or similar material.

6.      You shall produce the original of each document requested herein for inspection and/or copying by Plaintiff's counsel.  Translations, drafts, excerpts, fragments, and non identical copies shall constitute separate documents which should also be produced.  Any copy of a document that varies in any way from the original or from any copy of the document shall constitute a separate document and shall be produced, whether or not the original is within your possession, custody or control, or within the possession, custody or control of any of your agents or representatives.

7.      If, in responding to these Requests, you claim an ambiguity in interpreting either a particular request or a definition or instruction, that claim shall not be used as a basis for refusing to respond.  Instead, you shall set forth as part of your written response to these Interrogatories or Requests the language deemed to be ambiguous and the interpretation used in responding.

8.      If a document responsive to this Request was, but is no longer, in your possession, custody or control, you shall state whether such document (i) is missing or lost; (ii) has been

destroyed; (iii) has been transferred to others; or (iv) has been otherwise disposed of. For each instance, you shall identify the document, explain the circumstances surrounding the documents' disposition, and identify each person or entity that has, or may have, possession, custody or control of the document or any identical or non identical copy of the document.

9.    If any of the information requested herein is available in machine readable form, you are requested to produce a back up or a print out of that information and to describe the type of computer or other machinery required to read the machine readable information.

10.    All specific requests for "documents" shall encompass documents and data, including both paper documents and ESI. The scope of your search for electronic data that is responsive to any document request shall include all forms of electronic data collection, preservation, transmission, communication and storage, including:

a.    All data generated and maintained in the ordinary course of business, including data stored on mainframe computers or local and network computers;

b.    Distributed data or removable data, i.e., information that resides on portable media and non local devices, including home computers, laptop computers, magnetic or floppy discs, CD ROMs, DVDs, zip drives, Internet repositories, including e mail hosted by Internet service providers, handheld storage devices, such as personal digital assistants ("PDAs"), Blackberry devices, cellular telephones, and flash memory drives;

c.    Forensic copies of backup data, including archive and backup data tapes and discs;

d.    Network data, including voice mail systems, e mail servers, ISP servers, network servers, and fax servers;

e.      Legacy data, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete;

f.      Metadata, i.e., information regarding a particular data set that describes how, when and by whom it was collected, created, accessed, and modified, and how it is formatted; and

g.      Residual or deleted data, i.e., data that is not active on a computer system, including data found on media free space, data found on media slack space and data within files that have been functionally deleted.

11.      ESI shall be produced in an intelligible format or together with a description of the system from which they were derived sufficient to permit rendering their records and information intelligible and shall include metadata.

12.      To the extent possible, ESI responsive to this Request shall be produced in its native format or original electronic form, without alteration or modification, except where such electronic data has been encrypted or otherwise protected from third party access, in which case you shall, to the fullest extent possible, de crypt or unlock such files or data to allow access by third parties.  In addition to producing in native or original electronic form, to the extent that you have any specialized software that will allow such electronic data to be translated into usable form, such translated data should be produced as well.

13.      Unless otherwise stated, these Requests are for information and documents from **January 2008 to the present.**

## II. DEFINITIONS

1.      "Involving" shall mean, with respect to agreements and membership organizations, that a person is, directly or indirectly, a party to or member of such agreement or

organization or is mentioned in such agreement or contract.  With respect to communications, "involving" shall mean that a person is a participant in or is mentioned in such communication.

2.      "You" or "your" means Defendants, and/or, any officers, agents, board members, employees, former employees or representatives of the same and all other persons acting on behalf of same, unless otherwise stated.

3.      "Document" or "documents" is synonymous and equal in scope to usage of this term in CR 34.01 and to the terms "[w]ritings and recordings," "photographs," "original" and "duplicate" defined in KRE 1001, specifically including, but not limited to, electronically stored documents, data and information ("ESI"). Document or documents shall mean all written, recorded or graphic material (however produced or reproduced), tapes or other voice recordings, and all other tangible objects, including but not limited to, booklets, brochures, listings, pamphlets, circulars, notices, newsletters, periodicals, papers, income statements, balance sheets, projections, budgets, statements of cash flows, statements of operations, contracts, agreements, spreadsheets, photographs, agendas, minutes,  memoranda, messages, appraisals, analyses, reports, plans, evaluations, financial calculations and representations, diary entries, calendars, telephone logs, telephone records, electronic mail, correspondence, telegrams, telecopies, press releases, advertisements, notes (handwritten or otherwise), transcripts, working papers, drawings, schedules, tabulations and projections, surveys, polls, scripts, studies, graphs, charts, films, printouts, video and audio tapes, recordings and all other data, whether recorded by electronic or any other means, including without limitation all computer stored information (whether or not produced to printed forms), including drafts of any of the foregoing. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies are not identical or are no longer identical by reason of subsequent notation or modification of any kind

whatsoever, including without limitation, notations on the front or back of any of the pages thereof, then each such non identical copy is a separate document and must be produced.

4.     "Communication" or "communications" refers to every manner of or means of disclosure, transfer or exchange of information, including the transmission, sending, and/or receipt of information of any kind (in the form of facts, ideas, inquiries, or otherwise), by and/or through any means including, but not limited to, speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (including, but not limited to, e mail, Blackberry devices, cell phone text messages and/or instant messaging), magnetic tape, videotape, photographs, graphs, charts, models, symbols, signs, magnetic and/or optical disks, "floppy disks," compact discs, CD ROM discs, DVDs, sound, radio and/or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all type, and/or other electronic or digital media of any kind. The terms "communicate" or "communications" also include, without limitation, all "documents" and all ESI (as defined herein) and all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and/or press, publicity, or trade releases.

5.     The terms "all" and "each" shall be construed as all and each, as well as any.

6.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

7.     The masculine includes the feminine and neuter genders.

8.     The use of the singular form of any word includes the plural and vice versa.

9.     The term "including" shall be construed as "including, but not limited to."

10.     The term "person" or "persons" shall mean any natural person, or any business, legal or governmental entity or association.

11.     "Concerning," "relating to" and "relate to" means all documents and ESI which comprise, explicitly or implicitly refer to, were reviewed in conjunction with, or were created, generated or maintained as a result of the subject matter of the request, including, without limitation, all documents which reflect, record, show, identify, memorialize, embody, discuss, evaluate, consider, evidence, review or report on the subject matter of the request.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce, pursuant to the instructions and definitions above, any and all employee manuals that you maintain, or that you have ever maintained, from January 2008 to the present.

**RESPONSE:**


**REQUEST NO. 2:** Produce, pursuant to the instructions and definitions above, any and all nonprivileged notes, reports, and/or documents regarding Mr. Muth including, but not limited to, any and all notes, reports, and/or documents made by any Human Resources representative, or anyone else, from January 2010 to the present.

**RESPONSE:**


**REQUEST NO. 3:** Produce, pursuant to the instructions above, any and all nonprivileged documents relating to Mr. Muth generated, created or maintained by you, or otherwise in your

possession, from the time Mr. Muth first applied for employment to the present date, including, but not limited to, any and all letters, personnel files, evaluations, payroll records, memoranda, phone logs, phone records, faxes, tapes, and/or e mail relating to or regarding him.

**RESPONSE:**

**REQUEST NO. 4:** Produce, pursuant to the instructions above, any and all policies, rules or regulations you maintain, or have ever maintained, on discrimination.

**RESPONSE:**

**REQUEST NO. 5:** Produce, pursuant to the instructions above, all documents relating to, regarding, or concerning all complaints of discrimination and/or retaliation, of any type whatsoever, you have ever received for the past 5 years.

**RESPONSE:**

**REQUEST NO. 6:** Produce the report(s) of any and all expert witnesses you expect to call at the trial of this matter, and all documents reviewed by the expert(s).

**RESPONSE:**

**REQUEST NO. 7:** Provide a copy of any and all exhibits or documents you may use at the trial of this matter.

**RESPONSE:**

**REQUEST NO. 8:** Produce, pursuant to the instructions above, any and all insurance policies which may provide coverage for the claims made Mr. Muth in his complaint.

**RESPONSE:**

**REQUEST NO. 9:** Produce, pursuant to the instructions above, all documents on which you relied in making the decision not to accommodate Mr. Muth's request for environmental testing of his workspace.

**RESPONSE:**

**REQUEST NO. 10:** Please provide the personnel files of (including, but in no way limited to, any and all records of any complaints against) Mr. Muth and Mr. Norris.

**RESPONSE:**

Respectfully submitted,

Jennifer L. McCarty
ADAMS, HAYWARD & WELSH
4036 Preston Hwy.
Louisville, Kentucky 40213
(502) 366-6456
*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR

PRODUCTION OF DOCUMENTS TO DEFENDANTS was served on the 24th ___ day of

January 2012, via U.S. Mail, postage prepaid to the following:

    Philip C. Eschels
    Brigid O'Reilly Gies
    GREENEBAUM DOLL & McDONALD, PLLC
    101 South Fifth Street
    3500 National City Tower
    Louisville, KY 40202

*Counsel for Plaintiff*

JEFFERSON CIRCUIT COURT
DIVISION SEVEN (7)
CIVIL ACTION NO. 11-CI-07094
JUDGE AUDRA J. ECKERLE

KENNETH MUTH                                                            PLAINTIFF

v.                          **PLAINTIFF'S ANSWERS TO DEFENDANTS**
                            **FIRST SET OF INTERROGATORIES AND**
                            **REQUESTS FOR PRODUCTION OF DOCUMENTS**

INTEGRATED MANUFACTURING AND                              DEFENDANTS
ASSEMBLY, LLC AND SCOTT A. NORRIS
                            *   *   *   *   *

## PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF
## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF OCUMENTS

Comes the Plaintiff, Kenneth Muth ("Plaintiff" or "Mr. Muth"), by Counsel, and for his

Answers to Defendants' First Set of Interrogatories and Responses to Requests for Production of

Documents states as follows:

Each response set forth below is subject to and governed by the general objections set

forth in this section. When a specific request is objectionable on one or more grounds, Plaintiff

may explicitly state or restate an objection in his response. Such specific objections are not

intended to waive any of the following general objections, which apply to each request:

1. Plaintiff objects because, and to the extent that, the requests seek information not in

the possession, custody, or control of Plaintiff;

2. Plaintiff objects because, and to the extent that, the requests exceed the permissible

scope of discovery of the Kentucky Rules of Civil Procedure;

3. Plaintiff objects to the requests because, and to the extent that, they are overly broad

and unduly burdensome;

4.  Plaintiff objects to the requests because, and to the extent that, they seek irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence;

5.  Plaintiff objects to the requests because, and to the extent that, they seek information protected under the attorney-client, attorney work-product, or any other applicable legal privilege, protection or rule of confidentiality;

6.  Plaintiff objects to the requests because, and to the extent that, they seek legal conclusions or opinions;

7.  Plaintiff objects to the requests because, and to the extent that, they assume facts that have not been established, are not in evidence, or are not true and accurate;

8.  Plaintiff objects to the requests because, and to the extent that, the time period is not specified, inter alia, making such requests is overly broad or unduly burdensome; and,

9.  Plaintiff objects to the Defendants' requests because, and to the extent that, they seek information that can be obtained by the Defendants' just as easily as it can be obtained by Plaintiff.

Plaintiff provides the following answers without waiving these objections and subject to them.  Plaintiff reserves the right to supplement these answers in accordance with the civil rules and orders of this Court, as discovery is continuing.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the complete name, business and residence address and telephone number(s) of the person(s) answering these Interrogatories and all persons assisting in the preparation of the answers to these Interrogatories.  For each person designated, please

identify the Interrogatory or Interrogatories that person answered or provided assistance in answering.

**ANSWER:**  Ken Muth, 7106 Leo Saddler Way, Louisville, KY 40229-6412 and phone number (502) 533-9274.

**INTERROGATORY NO. 2:**  Other than any documents protected by attorney/client privilege, state whether Plaintiff, or anyone on his behalf (other than his counsel), has obtained any written statements from any potential witnesses, parties to this lawsuit and/or any persons with knowledge of relevant facts.  If so, for each person, please state the date, identity of the person providing the statement, and the identity of the person possessing the original statement taken.

**ANSWER:**  Plaintiff has not obtained any additional written statements.

**INTERROGATORY NO. 3:**  For each of your past and current addresses for the last five (5) years, state the date you began residing at each address and identify all individuals residing with you at each address.

**ANSWER:**  Plaintiff states his residences for the last five years are as follows:

a)  January 2001 through June 2009, 1530 Kensington Drive, Bluffton, IN 46714. Plaintiff states that his wife Annemarie S. Muth ("Ms. Muth") resided with  him at this residence;

b)  May 2008 through November 2008, Champion Farms Apartments at Springhurst, 3700 Springhurst Blvd., Louisville, KY. Plaintiff states that this was housing provided by the company and he resided at this location by himself;

c)  November 2008, 9938 Thistlewood Court, Louisville, KY 40223. Plaintiff states that Ms. Muth resided with him at this location; and

d)  September 2009 to present, 7106 Leo Saddler Way, Louisville, KY 40229-6412.

Plaintiff states that Ms. Muth resides at this residence with him.

**INTERROGATORY NO. 4:**  State all of your past and current telephone number(s) for the last

five (5) years, including all cell or mobile phones or pagers, and the providers for each (e.g.,

Verizon Wireless, AT&T, etc.).

**ANSWER:**   Plaintiff states his carries are as follows:

a)  January 2001 – August 2008, used as an office phone, phone number (260) 589-7240,

and the carrier was Sprint;

b)  January 2001 – August 2008, cellular phone, phone number (260) 402-4297, carrier

was Nextel & Sprint;

c)  January 2001 – June 2009, home phone, phone number (260) 824-9407, and the

carrier was AT&T;

d)  May 2008 – December 2010, used as an office phone, phone number (502) 638-8118,

and the carrier was AT&T;

e)  August 2008 – September 2010, cellular phone, phone number (502) 301-9472, and

the carrier was Nextel & Sprint;

f)  August 2008 – September 2010, home phone, phone number (502) 384-6637, carrier

was Insight;

g)  September 2010 – June 2011 cellular phone, phone number (502) 386-7918, carrier

was Sprint; and

h)  May 2011 – Present, cellular phone, phone number (502) 533-9274 and the carrier is

T-Mobile.

**INTERROGATORY NO. 5:** State all of your past and current e-mail addresses for the last five (5) years which you use/used or have/had access to, including the provider for each (e.g. yahoo, hotmail, etc.).

    **ANSWER:** Plaintiff states his email address and dates are as follows:

    a)  kjmuth@yahoo.com, yahoo.com, September 1998 – Present;

    b)  kmuth@lear.com, Lear Corp., 2007 to September 2010; and

    c)  kjmuth@yourpcdepartment.com, Powweb.com, May 2011 to present

**INTERROGATORY NO. 6:** For each person who you understand has knowledge of facts that relate to the claims and defenses in this civil action, describe in detail such facts and provide, for each respectively, contact information including home address, work address, e-mail address, cell or other telephone number, or other manner of contact.

    **ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks information subject to attorney/client or attorney mental impression privileges or work product doctrines. Discovery is continuing in this case; therefore, Plaintiff specifically reserves the right to supplement her response to this interrogatory. Without waiving her objections or privilege, Plaintiff states as follows:

    a.  Scott Norris ("Mr. Norris"), HR Manager, IMA Louisville, 521 Industry Road, Louisville, KY 40208, office phone number (502) 638-8124 and cellular number (502) 817-0905. Plaintiff states that Mr. Norris has knowledge of all medical facts, knowledge of all medical personnel's written statements, knowledge of FMLA forms, insurance facts, claims, and Plaintiff's personal correspondence both written and verbal with IMA;

    b.  Brian Puckett ("Mr. Puckett"), IMA Louisville Operations Manager, 521 Industry Road, Louisville, KY 40208, office phone number (502) 638-8121 and cellular phone number

(502) 249-7289. Plaintiff states that Mr. Puckett has knowledge of his performance, absences due to illness, medical restrictions prior to June 2010, and any information HR shared with him as my supervisor;

   c.   Jessika (sic?) Koch ("Ms. Koch"), HR Specialist – IMA Louisville. Plaintiff is currently employed at Kwantek, 9300 Shelbyville Rd., Hurstbourne Place, Suite 600, Louisville, KY 40222, phone number (888) 592-6835 and E-mail jessika.koch@yahoo.com. Plaintiff states that Ms. Koch has knowledge of all medical facts, knowledge of all Medical personnel's written statements, knowledge of FMLA forms, knowledge of absences due to illness, and medical restrictions prior to her leaving in 1st Quarter 2010. Ms. Koch has further knowledge of IMA attempts prior to June 2010 to place Mr. Muth on disability (unbeknown to him) as well as her and Mike Watters blocking of these attempts. Witness to verbal promise made to me regarding IMA paying for temporary housing in Louisville made by Mike Watters – this promise was not kept; and

   d.   Mike Watters ("Mr. Watters"), Production Director, Comer Holdings, 21624 Melrose Avenue, Southfield, MI 48075, office phone number (248) 447-1229 and cellular phone number (313) 363-7294.  Plaintiff states that Mr. Watters has knowledge of Plaintiff's medical restrictions prior to June 2010 and his illnesses, Plaintiff's performance in setting up the IT and communications infrastructure for IMA-Louisville, as well as my work for setting up IMA Service Center in Detroit, MI, IMA Plant in Arlington, TX, and Camryn Assembly line in Romulus, MI.  Plaintiff states Mr. Watters also has knowledge, according to Jessika (sic?) Koch, of IMA attempts to place me on disability (unbeknownst to me) prior to June 2010.

**INTERROGATORY NO. 7:** Other than your legal counsel, identify all persons or entities with whom you have had contact, discussions, correspondence or other communications regarding the

claims in your Complaint including, but not limited to, representatives of any organization, government agencies, present or former employees of IMA, or people who may have knowledge of the facts and circumstances concerning your claims or any defenses thereto.  Please provide the last known address and telephone number, if known, for each identified person.

**ANSWER:** In addition to the individuals identified in response to interrogatory no. 6, whose names are incorporated here by reference, the Plaintiff recalls having conversations with the following individuals regarding his circumstances, but does not recall with specific detail when and where those conversations took place:

a)  Jason Shelton, contact information unknown, and he is a former Maintenance Man at IMA. Plaintiff states that they had a general discussion concerning Plaintiff's circumstances of being denied disability;

b)  Travis Fuhrmann (sic?), address unknown, cellular phone number (260) 804-2121 and E-mail address travis.fuhrmann@GE.com, and he is a former Engineering Manager at IMA Louisville. Plaintiff states they he has general knowledge  of Plaintiff's job loss, denial of disability payments, and refusal to accommodate my medical restrictions on job;

c)  Tom Sprunger, FicosaNA, 917 Liechty Road, Berne, IN 46711, office phone number (260) 589-7380, cellular phone number (260) 402-1375, and he  is the former IT Manager at IMA Berne, now IT Manager at FicosaNA – Berne. Mr. Sprunger has  general knowledge of Plaintiffs job loss, denial of disability payments, and refusal to accommodate Plaintiff's medical restrictions on job;

d)  Amy Tumbleson (sic?), FicosaNA, 917 Liechty Road,  Berne, IN 46711,  office phone number  (260) 589-77375, cellular phone number (260) 402-1471, and she is the former HR Manager at IMA Berne and is now HR Manager at FicosaNA, Berne. Plaintiff states that he

spoke with Ms. Tumbleson on phone and gave her general description of his loss of job, denial

of disability payments, and refusal to accommodate my medical restrictions on job. Plaintiff

states that he also spoke to her to request any of his performance review information in his

personnel file to comply with these requests however, she indicated that she does not have any

personnel files and that all are in hands of Comer Holdings, LLC;

     e)  Kelly Rankin, VP of Quality and Government Contracting, Comer Holdings, LLC,

Comer Holdings, LLC, 21624 Melrose Avenue, Southfield, MI 48075, office phone number

(248) 447-5993 and cellular phone number (248) 521-7903. Plaintiff states he spoke to Ms.

Rankin in order to find alternate contact to Scott Norris, who was unavailable for several days in

March 2011 when he needed to provide company with notice from his primary care provider that

based on testing suggestion of Dr. Haller that she would release the medical restrictions for the

purpose of testing;

     f)  Wade Bearman (sic?), Former Quality and Production Manager for IMA, Berne and

Former Plant Manager of FicosaNA, Berne, address unknown, and cellular phone number (260)

402-1468. Mr. Bearman is now part owner of Applied Engineering in Ft. Wayne, IN. Plaintiff

states Mr. Bearman has a general description of Plaintiffs job loss, denial of disability payments,

and refusal to accommodate his medical restrictions on job;

     g)  Troy Kirchhofer (sic?), Former Engineering Manager at IMA, Berne and FicosaNA,

Berne, and dress unknown and cellular phone number (260) 402-1468. Mr. Kirchhofer is now

part owner of Applied Engineering in Ft. Wayne, IN. Plaintiff states that Mr. Kirchhofer has

general knowledge of Plaintiffs job loss, denial of disability payments, and refusal to

accommodate his medical restrictions on job;

h)  Eamon Hitchcock (sic?), Former IT Manager - Joint Venture Operations for Lear

Corporation (JV partner with The Bing Group and IMA), address unknown, home phone number

(952) 236-0996 and cellular phone number (952) 836-4269. Plaintiff states that Mr. Hitchcock

has general knowledge of Plaintiffs job loss,  denial of disability payments, and refusal to

accommodate his medical restrictions on job;

i)  Brandon Forga (sic?), System Developer at Lear Corporation, 21557 Telegraph Rd.,

Southfield, MI 48034, office phone number (248) 447-4433 and cellular phone number (734)

231-8593. Plaintiff states that Mr. Forga has general knowledge of Plaintiffs job loss,  denial of

disability payments, and refusal to accommodate his medical restrictions on job;

j)  Alberto Sandoval (sic?), System Developer at Lear Corporation, 21557 Telegraph

Rd., Southfield, MI 48034, and office phone number (248)447-5851. Plaintiff states that Mr.

Sandoval has general knowledge of Plaintiffs job loss,  denial of disability payments, and refusal

to accommodate his medical restrictions on job;

k)  Father Frederick Klotter, STL, JCL- Pastor of our Parish, St Martin of Tours, St

Martin of Tours Catholic Church, 539 South Shelby Street, Louisville, KY 40202 and office

phone number (502) 582-2827.  Plaintiff states that Mr. Sandoval has general knowledge of

Plaintiffs job loss,  denial of disability payments, and refusal to accommodate his medical

restrictions on job;

l)  Ralph Hughes, retired friend, 1307 Donard Park Ave., Louisville, KY 40218, home

phone number (502) 473-4778 and  cellular phone number (502) 939-0612  Plaintiff states that

Mr. Hughes  has general knowledge of Plaintiffs job loss,  denial of disability payments, and

refusal to accommodate his medical restrictions on job;

m) Edward Voit, Past Grand Knight Holy Innocents Council and friend, 6600 Everton

Dr., Louisville, KY 40258 and home phone number (502) 448-4014. Plaintiff states that Mr. Voit

has general knowledge of Plaintiffs job loss, denial of disability payments, and refusal to

accommodate his medical restrictions on job;

n)   John Daly, Attorney YUM! , Foods and office phone number (502) 874-2490.

Plaintiff states that Mr. Daly has general knowledge of Plaintiff's job loss, denial of disability

payments, and refusal to accommodate his medical restrictions on job and requested advice on

best lawyer to retain;

o)  Ron Ray, Attorney, phone number (502) 874-2490 (Office). Hon. Ron Ray, Esq. has

general knowledge of Plaintiff's job loss, denial of disability payments, and refusal of IMA to

accommodate his medical restrictions on job, and requested advice on best lawyer to retain;

p)  Col. Arnold Muth (USA Retired) and Mardell Muth (brother and wife),  118

Camargo Lane, Pasco, WA 99301, and home phone number  (509) 545-0428, general

knowledge;

q)  Russell and Rowena Muth (brother and wife), 3988 Barkley Bridge Road, Hartselle,

AL 35640 and  home phone number  (256) 784-5462, general knowledge;

r)  Eugene (deceased) and Jeannine Muth (brother and wife), 1212 Canal, P.O. Box 2,

Tieton, WA 98947 and home phone number  (509) 673-7671, general knowledge;

s)  Susan and Rodney T. Harmon (sister-in-law and husband), 8915 NE 190th PL,

Bothell, WA 98011 and home phone number  (425) 486-8145, general knowledge;

t)  Paul and Mary Kay Schoen (brother-in-law and wife),  5006 Taney, Alexandria, VA

22304 and home phone number  (703) 751-2257, general knowledge;

u)  Teresa Schoen (sister-in-law), 702 N. 161st PL., Shoreline, WA 98133 and  home

phone number  (206) 542-3257, general knowledge;

v)  Elenor K. Schoen (sister-in-law), 702 N. 161st PL., Shoreline, WA 98133 and home

phone number  (206) 542-3257, general knowledge;

w)  Elenor L. Schoen (mother-in-law), 702 N. 161st PL., Shoreline, WA 98133 and  home

phone number  (206) 542-3257, general knowledge;

x)  Honor Leitzen (sister-in-law), exact address unknown,  home phone number  (703)

717-9015 and  cellular phone number (206) 579-8232, general knowledge;

y)  Dr. Richard R. Leitzen (nephew), 527 Irvington Ct., Bartlett, IL 60103 cellular phone

number (203) 843-7167, general knowledge.

**INTERROGATORY NO. 8:** State the following for all of your employers within the last ten

(10) years, excluding IMA, including any employer prior to or following your employment with

IMA:

   a.   name, address, and telephone number;

   b.   name of immediate supervisor;

   c.   salary or rate of pay at beginning and end of each employment;

   d.   position(s) held; and

   e.   reason for leaving.

   **ANSWER:**  Plaintiff has only been employed by IM the last 10 years by IMA and its

direct joint venture predecessor, The Bing Group.

**INTERROGATORY NO. 9:**  For all attempts made by you to obtain employment, either full or

part time, with any person, employer, firm, institution, agency, corporation, business, entity or

public employer or agency, beginning from the date you began employment with IMA to the present, state and/or identify the following:

    a.  the name, address and phone number of each person, firm, employer, institution, agency, corporation, entity or business to which you submitted an application, interviewed, corresponded with or otherwise sought or applied for employment;

    b.  the date of each application, contact, correspondence or attempt to find employment;

    c.  the position(s) for which you applied or sought employment;

    d.  the action taken by the prospective employer upon your application or other attempt to obtain employment and the reason(s), if any, for such action; and

    e.  whether you received, refused or rejected any offer(s) for employment.

**ANSWER:**   Please see the attached spreadsheet marked Exhibit 1 which indicates all jobs the Plaintiff has applied for from 12/16/2010 until 8/4/2011. Plaintiff has not been offered any of these positions.

**INTERROGATORY NO. 10:**   Identify and provide a detailed computation of each and every category of damages that you claim to have suffered as a result of Defendants' alleged actions, including an explanation for the basis for the calculation of each dollar amount and the identification of any and all documents or data which relates to or supports each calculation.

**ANSWER:**   Plaintiff objects to this interrogatory in so far as it seeks information subject to attorney/client or attorney mental impression privileges or work product doctrines. Discovery is continuing in this case, and the Plaintiff may require the use of an expert in calculating his damages; therefore, the Plaintiff specifically reserves the right to supplement his answer to this request. Without waiving her privilege, Plaintiff's Complaint, already in the Defendants' possession, and incorporated herein by reference, states the nature and specifies the categories of

damages which he seeks for the illegal conduct of the Defendants. Plaintiff will supplement this

response in accordance with orders of the Court and/or the Civil Rules.

**INTERROGATORY NO. 11:** For every source of income (whether from employment,

government benefit, insurance benefit, the sale of anything of value, gift, profits, return on

investment or otherwise) that you have earned or received subsequent to your employment with

IMA, identify the name, address, and telephone number of each employer, person, or entity that

was a source of income to you and the gross income paid to or received by you from each

employer, person or entity.

**ANSWER:** Plaintiff states that all monies received by him prior to 12/15/2010 were

from IMA wages or disability payments. After that time, he received unemployment benefits as

indicated in his answer to interrogatory no. 12 and received additional monies from liquidating

IRA's, 401k's, Life Insurance policies, and selling vacation real estate. Plaintiff states that total

IRA's, 401k's, and Life Insurance policies belonging to both him and his wife (Ms. Muth) were

liquidated to $88,700.00 not including the penalty of $4,081.00. Plaintiff further states he has

formed his own company, Your PC Department, LLC in 2011. However, the monies earned

totaling $13,500.00 in 2011 were more than consumed by the company's start up and operating

costs for 2011.

**INTERROGATORY NO. 12:** If you have applied for or received unemployment or disability

benefits within the last ten (10) years, specifically state the type of benefit applied for or

received, when you applied for said benefit, how much you received pursuant to each benefit and

how long you received said benefit.

**ANSWER:** Plaintiff applied for Unemployment Benefits on 12/18/2010 and received

$415.00 per week (before taxes) from the week of 12/20/2010 through week of 8/1/2011 less one

week when original eligibility expired until receiving eligibility for extended benefits 1 week later. The Plaintiff also applied for short term disability benefits in June 2011 and received 2/3 of his salary from disability insurance and 1/3 from IMA according to his IMA salaried benefit policy.

**INTERROGATORY NO. 13:**  Identify any and all physicians, psychologists, hospitals, or other health care providers, who treated you for any condition related to the allegations in your Complaint or for any other condition for which you are seeking damages in this action.  As to each such provider of care, identify:

    a.  the provider's name and business address and telephone number;

    b.  the conditions for which you were treated;

    c.  the date of each visit or treatment;

    d.  types and nature of treatment;

    e.  any medication or therapy prescribed;

    f.  the results of treatment;

    g.  whether further treatment is expected or prescribed; and

    h.  the name and occupation of the person who referred you to the care provider.

    **ANSWER:**  Plaintiff states his doctors are as follows, however he cannot remember the exact dates for all treatment related visits:

    a)   William Smits, MD – Pulmonologist and Allergist, Allergy and Asthma Center, 7222 Engle Road, Fort Wayne, IN 46804 and phone number (260) 432-5005. Plaintiff was treated for severe asthma (diagnosed as in worst 1 to 2 % of Asthmatics) and was treated from 2007 through end of 2008 when he moved to Louisville. Dr. Smits prescribed Advair, XOpenex, Albuterol, Astelin, Performomist, and Theophylline. Plaintiff was also prescribed intravenous

antibiotic and anti- inflammatory during January 2008 for acute respiratory infections of which twice the Dr. Smits required the Plaintiff to stay at home and rest for a week. This condition and its treatment are ongoing and medication will need to be continued and adjusted as necessary;

b) Melissa Hardin, ARNP – Family Practice (Primary Care provider in Louisville), Norton Community Health Associates, 213 N. Hurstbourne Parkway, Louisville, KY 40222 and phone number (502) 327-5135. Hardin, ARNP treated the Plaintiff for severe asthma and resulting upper respiratory Infections due to work environment and has treated the Plaintiff from 2009 to present. Hardin, ARNP prescribed medical restrictions on my Plaintiff's work and provided diagnosis and supporting documentation to disability insurance company and IMA;

c) Josephine Mei, MD – Pulmonologist, Kentucky Pulmonology, 100 West Market, Suite #2, Louisville, KY 40202 and phone number (502) 587-8000. Plaintiff was referred to Dr. Mie by Hardin, ARNP Hardin above. Dr. Mei confirmed Plaintiff's asthma diagnosis and performed quantative tests and modified Plaintiff's prescriptions to add Nasonex and drop Theophylline and Performomist. Plaintiff was first treated in June 2011 and Dr. Mei is his current pulmonologist. Dr. Mei also referred the Plaintiff to Dr. Joseph Creely for possible sinus surgery after testing including sinus scan;

d) Joseph Creely, MD – ENT, 4950 Norton Healthcare Blvd., Suite 209, Louisville, Kentucky 40241   and phone number 502-425-5556. Dr. Creely first treated the Plaintiff in August 2011. Dr. Creely recommended and performed sinus surgery on the Plaintiff in order to reduce turbinates and open sinuses for better flow which was done in late August 2011.

**INTERROGATORY NO. 14:**  You allege that you have suffered "emotional distress" and other compensatory damages as a result of Defendants' alleged conduct.  In an effort to discover the nature and extent of your emotional injuries, and to discover other potentially contributing physical and emotional causes of your injuries, a blank copy of an Authorization for the Use and Disclosure of Health Information and Authorization for the Use and Disclosure of Psychotherapy Notes are attached to these Interrogatories.  Please state whether you are willing to execute the Authorizations so that counsel for Defendants may obtain copies of your medical, psychological, and psychiatric records.  If you are willing, please identify each medical provider on the Authorizations, sign the Authorizations and return with your responses to these Interrogatories. If you will not execute the Authorizations, please state the basis for your refusal to do so.

    **ANSWER:**  The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

**INTERROGATORY NO. 15:**  If you have ever been arrested, pled guilty or *nolo contendere*, or have been convicted of any crime, please provide full details as to each including, but not limited to, the county and state where the arrest, plea, or conviction occurred, the case number of such arrest or conviction, a description of the crime for which you were charged or convicted, the date of the arrest, plea, or conviction, and the disposition and/or the punishment assessed.

    **ANSWER:**  The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

**INTERROGATORY NO. 16:**  If you are or have ever been a party to, or given sworn testimony in, a civil or criminal lawsuit (other than this one) or any type of administrative proceeding, state the full style and case number of the action, including the state in which it was filed, the full name of the court or administrative forum and the parties' names, the names of the

parties' attorneys, the nature of the action and claims asserted therein, and the outcome or current status of the action.

**ANSWER:** The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

**INTERROGATORY NO. 17:** Please set forth your educational background including, but not limited to, the name and address of each school attended, the years attended, curriculum, degree, diploma or certificate awarded, and the grades or levels completed or attended at each school, including any and all vocational or other training or instruction you have received.

**ANSWER:** The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

**INTERROGATORY NO. 18:** Identify every exhibit that you will or may submit at the trial of this matter in support of your claims against Defendants.

**ANSWER:** The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

**INTERROGATORY NO. 19:** All individuals are expected to testify to the harassment they may have experienced themselves, or observed the Plaintiffs experiencing, being forced to work off of the clock, and/or management's response to these conditions.

**ANSWER:** The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

**INTERROGATORY NO. 20:** For each person you expect to call as a fact witness at the trial, identify his or her full name, address and telephone number.

**ANSWER:** The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

**INTERROGATORY NO. 21:**  For each person you expect to call as an expert witness at the trial of this matter, identify:

    a.  his or her full name, address and telephone number;

    b.  area of expertise;

    c.  the subject matter in which the expert is expected to testify;

    d.  the substance of the facts and opinions to which the expert is expected to testify; and

    e.  a summary of the grounds for each such opinion.

    **ANSWER:**  The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

**INTERROGATORY NO. 22:**  Identify all social media accounts (Facebook, MySpace, Twitter, etc.) maintained by you at any time since you began working for IMA.

    **ANSWER:**  The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

**INTERROGATORY NO. 23:**  Confirm that you have read the information and instructions below and complied with the following for downloading information from your Facebook account:  **(instructions deleted)**

    **ANSWER:**  The Plaintiff objects that the Defendant has exceeded the number of interrogatories allowed by the civil rules.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents or writings that are identified, described, relate to and/or were referred to by you in preparing your Answers to the Interrogatories set forth above.

    **RESPONSE:** None

**REQUEST FOR PRODUCTION NO. 2:** Produce any non-privileged documents supporting or underlying your claim that IMA discriminated against you.

    **RESPONSE:** None

**REQUEST FOR PRODUCTION NO. 3:** Produce any non-privileged documents supporting or underlying your claim that Norris discriminated against you.

    **RESPONSE:** None

**REQUEST FOR PRODUCTION NO. 4:** Produce any documents supporting or underlying your claim that Norris intentionally caused you emotional distress.

    **RESPONSE:** None

**REQUEST FOR PRODUCTION NO. 5:** Produce any documents supporting or underlying your claim that IMA intentionally caused you emotional distress.

    **RESPONSE:** None

**REQUEST FOR PRODUCTION NO. 6:** Produce any non-privileged statements obtained from potential witnesses, parties to this lawsuit and/or any persons with knowledge of the relevant facts.

    **RESPONSE:** None

**REQUEST FOR PRODUCTION NO. 7:**  Produce any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication exchanged between you and Norris from January 1, 2008 through the present.

   **RESPONSE:** See the attached correspondence.

**REQUEST FOR PRODUCTION NO. 8:**  Produce any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication exchanged between you or anyone on your behalf and current or former employees of IMA from January 1, 2008 through the present that concern or relate to the events, facts or circumstances underlying the claims of your Complaint.

   **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 9:**  Produce any and all documents reflecting any disciplinary action taken against you throughout the duration of your employment with IMA.

   **RESPONSE:** None. Plaintiff does not have a copy of his personnel file.

**REQUEST FOR PRODUCTION NO. 10:**  Produce any and all documents reflecting any reviews, analysis, comments or observations by your managers, supervisors or co-workers at IMA regarding your job performance throughout the duration of your employment at IMA.

   **RESPONSE:** None. Plaintiff does not have a copy of his personnel file.

**REQUEST FOR PRODUCTION NO. 11:**  Produce any and all documents reflecting your work schedule or time and/or numbers of hours you were expected to, and did, work at IMA from January 1, 2008 through the termination of your employment with IMA, including, but not limited to, calendars (paper or electronic), pay stubs, time cards and daily/monthly planners.

   **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 12:**  Produce any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication relating to persons with knowledge of the allegations, events, and claims relating to the claims or defenses raised in this action.

     **RESPONSE:**  None.

**REQUEST FOR PRODUCTION NO. 13:**  Produce any and all documents relating to any application or other effort made by you from the commencement of your employment with IMA to the present to obtain employment or activity of any kind for pay, cash or taxable income of any kind, other than with IMA.

     **RESPONSE:** See attached exhibit 1.

     **REQUEST FOR PRODUCTION NO. 14:**  Produce any and all documents of IMA in your possession or control (including those provided to or in the possession or control of your attorney).  For purposes of this Request, "documents of IMA" includes any and all documents created, generated or distributed by IMA or its respective agents, representatives, or employees, obtained from IMA or its respective agents, representatives, or employees, provided by or through IMA, or otherwise the property at some time of IMA.

     **RESPONSE:** None.

     **REQUEST FOR PRODUCTION NO. 15:**  Included with these discovery requests are authorizations for release of personnel records from your former and/or current employer(s) identified in your Answer to Interrogatory No. 8.  Please sign the Authorization so that Defendants' counsel may obtain copies of your employment records.  If you will not execute the Authorizations, please state the basis for your refusal to do so.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel upon the execution of a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents which you expect or plan to use at the trial of this matter, either as independent evidence, for impeachment purposes, to refresh recollection, rebuttal, or otherwise.

**RESPONSE:** Because discovery remains ongoing in this case, Plaintiff has not yet identified any exhibits to be used at trial. Plaintiff specifically reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 17:** Produce any and all documents relating to any income, money, expenses, costs, or thing of value received from employment or other activity, whether as an employee, an independent contractor, unemployment insurance, disability insurance or ownership or investment in a business, which you have been occupied or involved subsequent to your employment with IMA.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel upon the execution of a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 18:** Produce any and all documents which refer or relate to any civil action, or other civil or criminal litigation or administrative complaint against any person, employer or entity to which you have been a party in the last 10 years including, but not limited to, all pleadings, correspondence, deposition transcripts, releases or settlement agreements or any other documents which refer to any civil action, arbitration or administrative complaint filed by or brought against you.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 19:** Produce any and all documents reflecting to, relating to or memorializing the agreement you and Mr. Norris allegedly entered into, as referenced in paragraphs 15 and 16 of the Complaint.

**RESPONSE:** Please see the correspondence from Mr. Norris to Plaintiff dated June 2, 2011.

**REQUEST FOR PRODUCTION NO. 20:** Produce any and all documents in your possession or control relating to the Independent Medical Exam performed by Dr. Dale Haller and any additional communications between you and Dr. Haller.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel upon the execution of a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 21:** Produce any and all documents which relate in any manner to the measure of, source, claim and dollar amount of damage which you seek to recover in this matter.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel upon the execution of a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 22:** Produce your annual federal and state income tax returns and all related documents including, but not limited to, all W-2 forms, other attachments and/or schedules attached thereto, and paycheck stubs for the calendar years for 2009, 2010 and 2011.

**RESPONSE:**  Plaintiff objects to the extremely broad temporal scope of this request. Without waiving this objection and subject to it, the Plaintiff will provide tax records for inspection and copying after the execution of a mutually agreeable confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 23:**  Produce all documents and materials you or any of your representatives provided to any expert for review in this matter.

**RESPONSE:** Plaintiff has not yet identified experts he expects to call at the trial of this matter. Plaintiff specifically reserves the right to supplement this response

**REQUEST FOR PRODUCTION NO. 24:**  Produce all documents and materials your expert is relying upon in reaching conclusions in this matter.

**RESPONSE:** Plaintiff has not yet identified experts he expects to call at the trial of this matter. Plaintiff specifically reserves the right to supplement this response

**REQUEST FOR PRODUCTION NO. 25:**  Produce all information and data from any social media account identified in Answer to Interrogatory Nos. 21 and 22.

**RESPONSE:**  None.

## VERIFICATION

I, Kenneth Muth, affirm under penalties of perjury that I have read the attached answers to Defendants First Set of Interrogatories and Request for Production of Documents and that the answers are true to the best of my knowledge and belief.

Dated this __6th__ day of __February_____, 2012.

_Kenneth Muth_

Kenneth Muth

COMMONWEALTH OF KENTUCKY            )
                                     )
COUNTY OF _Jefferson_                )

SUBSCRIBED, SWORN TO and ACKNOWLEDGED before me by Kenneth Muth this ____6th____ day of ~~January~~, 2012.
              Feb.

Debra L. Humphrey, Notary Public
State at Large
Kentucky
My Commission Expires 3/24/2012

_Debra L. Humphrey_
Notary Public, State at Large
My Commission Expires: 3/24/2012

As to objections only,

Jennifer L. McCarty
ADAMS, HAYWARD & WELSH
4036 Preston Highway
Louisville, Kentucky 40213
*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___7th___ day of ___February___, 2012 a copy of the foregoing Answers to Defendants' First Set of Interrogatories and Responses to Requests for Production of Documents to Plaintiff, Kenneth Muth, was served via U.S. mail on:

Philip C. Eschels
Brigid O'Reilly Gies
BINGHAM GREENEBAUM DOLL LLP
101 South Fifth Street
3500 National City Tower
Louisville, Kentucky 40202
*COUNSEL FOR DEFENDANTS*

*COUNSEL FOR PLAINTIFF*

EXHIBIT 1

Kenneth Muth

| Date | Employers Name | Contact Person | Contact Person Phone | Position Title | URL | Reference # | RESULT |
|---|---|---|---|---|---|---|---|
| **Week Of 12/12/2010 to 12/18/2010** | | | | | | | |
| 12/18/2010 | Avalon Services Corp. | | | Network Engineer | www.ayelon.com | | Not Offered Job |
| **Week Of 12/19/2010 to 12/25/2010** | | | | | | | |
| 12/22/2010 | HP | | | ITO Svc Delivery Cons IV | hp.taleo.net/careersection | 18635994 | Not Offered Job |
| **Week Of 12/26/2010 to 01/01/2011** | | | | | | | |
| 12/29/2010 | Humana | | | Innovation Team Manager | www.humana.com | 18655969 | Not Offered Job |
| 12/29/2010 | eConsultAmerica | | | Divisional IT Manager | www.eaglhall.com/jobs | J63265277 | Not Offered Job |
| 12/29/2010 | Humana | | | IT Project Manager | www.eaglhall.com/job | 17693651 | Not Offered Job |
| 12/29/2010 | Humana | | | Project Manager - Enterprise Data | www.eaglhall.com | 18761178 | Not Offered Job |
| **Week Of 01/02/2011 to 01/08/2011** | | | | | | | |
| 1/3/2011 | Teknek Global Solutions | Gary DelGrande | (908) 431-4262 | IT Manager | www.teknekglobal.com | | Not Offered Job |
| **Week Of 01/09/2011 to 01/15/2011** | | | | | | | |
| 1/10/2011 | Ernst & Young | | | IT Risk & Compliance Senior | seeker.dice.com | LOUDOOGY | Not Offered Job |
| 1/10/2011 | Humana | | | Security Incident Response Manager | humana.recruitmax.com | 161989 | Not Offered Job |
| **Week Of 01/16/2011 to 01/22/2011** | | | | | | | |
| 1/19/2011 | CompuCom | | | Network Administrator | seeker.dice.com/jobsearch | 656519174648 | Not Offered Job |
| 1/19/2011 | NETCOM Group | | | Systems/Network Administrator | seeker.dice.com/jobsearch | KY-110001 | Not Offered Job |
| 1/19/2011 | Dell, Inc | | | Desktop Support Manager | dell.taleo.net/careersection | 120003L | Not Offered Job |
| 1/19/2011 | G-Tech Professional Staffing | | | Sr Project Manager | seeker.dice.com/jobsearch | V232294 | Not Offered Job |
| 1/21/2011 | Humana | | | UNIX Administrator - Night Shift | flextronics.ats.hrsmart.com | 17128.6556470.64235174532 | Not Offered Job |
| 1/21/2011 | Flextronics | | | IT Manager | Monster.com | 54269 | Not Offered Job |
| 1/21/2011 | KFORCE Technology | | | Client Systems Administrator | seeker.dice.com/jobsearch | ITEGG1039989 | Not Offered Job |
| **Week Of 01/23/2011 to 01/29/2011** | | | | | | | |
| 1/25/2011 | Humana | | | Technology Business Consultant | humana.recruitmax.com | | Not Offered Job |
| 1/25/2011 | Humana | | | Project Manager | humana.recruitmax.com | | Not Offered Job |
| 1/25/2011 | Humana | | | IT Project Manager | humana.recruitmax.com | | Not Offered Job |
| 1/27/2011 | Norsdale | | | Technology - Project Manager | seeker.dice.com/jobsearch | | Not Offered Job |
| 1/27/2011 | Eaton | | | Specialist IT Infrastructure | seeker.dice.com/jobsearch | | Not Offered Job |
| 1/27/2011 | Manpower Professional | | | Business Analyst - IT | | | Not Offered Job |
| **Week Of 01/30/2011 to 02/05/2011** | | | | | | | |
| 2/1/2011 | Robert Half Technology | | | Network Administrator / IT Migration Resource | www.roberthalftechnology.com | 03725-104880 | Not Offered Job |
| 2/5/2011 | Noble | | | Sr. Desktop Engineer | seeker.dice.com/jobsearch | 28914072 | Not Offered Job |
| **Week Of 02/06/2011 to 02/12/2011** | | | | | | | |
| 2/6/2011 | Norton Healthcare | | | Server Analyst-Senior | nortonhealthcare.hodesiq.com | 204672 | Not Offered Job |
| 2/6/2011 | Norton Healthcare | | | System Director of Information Services | nortonhealthcare.hodesiq.com | 200536 | Not Offered Job |
| 2/6/2011 | Norton Healthcare | | | System Director Technology Services | nortonhealthcare.hodesiq.com | 204311 | Not Offered Job |
| **Week Of 02/13/2011 to 02/19/2011** | | | | | | | |
| 2/14/2011 | Norton Healthcare | | | Client/Server OP Analyst-Sr 11pm-9:00am | nortonhealthcare.hodesiq.com | | Not Offered Job |
| 2/14/2011 | Norton Healthcare | | | Client/Server Op Analyst-Sr 3:30pm-12:30am | nortonhealthcare.hodesiq.com | | Not Offered Job |
| 2/14/2011 | Yum! Brands | | | Mgr. Enterprise Systems | wfa.kronostm.com | 192897 | Not Offered Job |
| 2/14/2011 | Yum! Brands | | | Sr Unified Communications Engineer | wfa.kronostm.com | 192662 | Not Offered Job |
| 2/14/2011 | Manpower Professional | | | LAN Admin | seeker.dice.com/jobsearch | FOX-1603416 | Not Offered Job |
| 2/14/2011 | Kforce Technology | | | Client Sys/Tech Analyst 3 Support | seeker.dice.com/jobsearch | ITEGG1046271 | Not Offered Job |
| **Week Of 02/20/2011 to 02/26/2011** | | | | | | | |
| 2/21/2011 | LG&E and KU | | | Desktop Support Manager | dell.taleo.net/careersection | 1000V435 | Not Offered Job |
| 2/21/2011 | LG&E and KU | | | Supervisor - Data Ctr Ops | www.lge-ku.com/careers/jobs | 101419 | Not Offered Job |
| 2/21/2011 | Cisco | | | Unified Communications Supvr | www.lge-ku.com/careers/jobs | 101464 | Not Offered Job |
| 2/21/2011 | TEK Systems | | | Software Distribution Specialist | nortonhealthcare.hodesiq.com | ITEGG1046440 | Not Offered Job |
| 2/21/2011 | Norton Healthcare | | | Desktop Support | nortonhealthcare.hodesiq.com | 206645DC | Not Offered Job |
| **Week Of 02/27/2011 to 03/05/2011** | | | | | | | |
| 3/1/2011 | CompuCom | | | Computer Sys Technologist | www.craylabs.com | 13456890DC | Not Offered Job |
| 3/1/2011 | Rainbow | | | Director of Technical Operations (IT) | www.mycareernetwork.com | 79349 | Not Offered Job |
| 3/3/2011 | CompuCom | | | Director of Information Technology | www.ahtotaljobre.com | | Not Offered Job |
| **Week Of 03/06/2011 to 03/12/2011** | | | | | | | |
| 3/8/2011 | TEK Systems | Peggy J. Campbell | 671-2125 | Desktop Support | www.dice.com | | Not Offered Job |
| **Week Of 03/13/2011 to 03/19/2011** | | | | | | | |
| 3/17/2011 | CompuCom | | | Windows Server Support Engineer | www.dice.com | 50721977045 | Not Offered Job |
| 3/18/2011 | CompuCom | | | Network Administrator | www.dice.com | 50721973574048 | Not Offered Job |
| **Week Of 03/20/2011 to 03/26/2011** | | | | | | | |
| 3/23/2011 | CACI | Melak | 502-338-6037 | Program Manager - Electronic Health Data | | 54883 | Not Offered Job |
| 3/25/2011 | CompuCom | | | Server Administrator | www.dice.com | | Not Offered Job |
| **Week Of 03/27/2011 to 04/02/2011** | | | | | | | |
| 3/28/2011 | Brooksource | | | Operating System Administrator | www.dice.com | 10110053 | Not Offered Job |
| 3/28/2011 | Homecare Homebase | | | Systems Engineer | www.dice.com | 214791 | Not Offered Job |

2 of 2

EXHIBIT 1

Kenneth Muth

| Date | Employer Name | Contact Person | Position Title | Contact Person Phone | URL | Reference # | RESULT |
|---|---|---|---|---|---|---|---|
| 3/31/2011 | KFORCE Technology / Conolly | | Windows System Administrator | | www.dice.com | TEC6105418 | Not Offered Job |
| Week Of 04/03/2011 to 04/09/2011 | | | Manager/Lead - Data Services Healthcare | | www.dice.com | RT1113986 | Not Offered Job |
| 4/4/2011 | TEK Systems | | Desktop Support | | www.dice.com | 2247235 | Not Offered Job |
| Week Of 04/10/2011 to 04/16/2011 | Tribal6 Tech, Inc. | | IT Director | | www.dice.com | 10410723 | Not Offered Job |
| 4/15/2011 | V-Soft | | System Administrator | | www.dice.com | 270191 | Not Offered Job |
| Week Of 04/17/2011 to 04/23/2011 | | | | | www.dice.com | | Not Offered Job |
| 4/19/2011 | Partner Technology | | ERP Manager | | www.dice.com | 1023557 | Not Offered Job |
| Week Of 04/24/2011 to 04/30/2011 | Kelly Services | Paulina Haider-Brown | IT Manager/System Administrator | 502-585-2371 | www.dice.com | | Not Offered Job |
| 4/27/2011 | | | | | | 27572 | Not Offered Job |
| Week Of 05/01/2011 to 05/07/2011 | Brocksource / SHPS | | Program Test Lead | | www.myalignednetwork.com | b05560 | Not Offered Job |
| 5/6/2011 | | | Production Support - Shift Lead | | www.dice.com | 56983 | Not Offered Job |
| 5/13/2011 | Cold Stream Laboratories | Kim Lesak @ Robert Half Technology | IT Director | (502) 394-0525 | www.dice.com | vopio505944 | Not Offered Job |
| Week Of 05/15/2011 to 05/21/2011 | First Source Solutions USA | | System Administrator II | | www.dice.com | 10205852 | Not Offered Job |
| 5/16/2011 | Vertek Solutions | | Corporate IT Manager | | www.dice.com | 10444798 | Not Offered Job |
| Week Of 05/22/2011 to 05/28/2011 | Insight / FirstSource | | Director of Integrations and Technology- Deployment | | www.dice.com | vs:pos305344 | Not Offered Job |
| 5/27/2011 | | | Systems Administrator II | | www.dice.com | 305240 | Not Offered Job |
| Week Of 05/29/2011 to 06/04/2011 | ALTA I.T. Services | | System Administrator | | www.dice.com | | Not Offered Job |
| 6/3/2011 | CACI | | Program Manager - Electronic Health Record | | https://cacl.taleo.net/careersection | | Not Offered Job |
| Week Of 06/05/2011 to 06/11/2011 | TEK Systems | | IT Director | | www.dice.com | 2339935 | Not Offered Job |
| 6/10/2011 | Sacred Heart Schools | | Director of Information Technology | | www.archdpa.org/employment | | Not Offered Job |
| Week Of 06/12/2011 to 06/18/2011 | | | System Administrator | | www.dice.com | 11000RPA | Not Offered Job |
| 6/16/2011 | Dot, Inc. | | Infrastructure Project Manager | | www.dice.com | ITEC6110977A | Not Offered Job |
| 6/22/2011 | Kforce Technology Staffing | | Director of Information Technology, | | www.dice.com | 37887 | Not Offered Job |
| 8/3/2011 | Confidential Company / V-Tech Solutions | | Network Administrator - SR | | www.dice.com | 358946 | Not Offered Job |

CIVIL ACTION NO. 11-CI-07094

JEFFERSON CIRCUIT COURT
DIVISION III

CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT

KENNETH MUTH

2012 FEB 27  P 4: 22

PLAINTIFF

V.

CLERK 6

INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC, et al.

BY_____D.C.

DEFENDANTS

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The parties, through their respective counsel of record, hereby stipulate and request that the court order as follows:

1.      The parties involved in this litigation may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation in the manner hereinafter set forth in Paragraphs 2, 3 and 4.

2.      Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by any party stamping or writing words "CONFIDENTIAL" on the face of the writing.

3.      Any party may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation the course of the deposition or at any time thereafter.  Portions of any deposition designated "CONFIDENTIAL" are to be filed with the Clerk of Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to the Protective Order of the Court.  These portions shall remain sealed until further order of the court."  Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with

given in this litigation, it shall be so marked and separately filed under seal with the Clerk of Court.

4. Any party may designate as "CONFIDENTIAL" specific responses to interrogatories or to any specific request for admissions by labeling the specific response "CONFIDENTIAL."

5. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Clerk of Court. The party asserting "CONFIDENTIAL" treatment of any writing, testimony, information or material can waive the requirements of the Confidentiality Agreement and Protective Order with respect to such writing, testimony, information or material but to avoid the requirement of filing under seal may seek a waiver of filing under seal requirement. The party asserting "CONFIDENTIAL" treatment shall have the right to enforce the filing under seal requirement, but may also waive the filing under seal requirement with respect to any specific writing, testimony, information or material and any waiver will not be deemed a general waiver of the requirements of this Confidentiality Agreement and Protective Order.

a. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of this Court, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to :

(a)    Counsel for the respective parties and employees of said counsel who are assisting in the prosecution or defense of this litigation;

(b)    Experts and consultants (including independent experts and consultants, and

employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

    (c)    Parties or officers of the respective parties; and

    (d)    Potential witnesses.

6. No party shall, for herself or itself or for any person or persons action on his or its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

7. Except as otherwise provided for in this Protective Order, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

8. If any party objects to the designation of any document, testimony, information or material as "CONFIDENTIAL" he or it may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. Unless and until the Court enters an order to the contrary, the documents, testimony, information and material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Protective Order.

9. Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at trial, he or it shall meet with counsel for the other parties hereto in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

10. Within sixty (60) days of the final conclusion of this case (including any appeal),

all copies of "CONFIDENTIAL" documents shall be destroyed or returned to counsel for the producing party, except that counsel shall be entitled to retain all materials which constitute work product and such memoranda and pleadings embodying said confidential information to the extent necessary to preserve a file in this case, so long as such materials are maintained in accordance with the provisions hereof.

11. This Protective Order may be modified or amended by agreement of the parties or by further Order of the Court for good cause shown.

Dated this _____ day of _____, 2012.

_____
JUDGE, Jefferson Circuit Court

**AGREED TO BY:**

_____
Philip C. Eschels
Brigid O'Reilly Geis
Bingham Greenebaum Doll, LLP
101 South Street
3500 national City Tower
Louisville, KY 40202
*Counsel for Defendant*

_____
Jennifer L. McCarty
Adams Hayward & Welsh
4036 Preston Highway
Louisville, KY 40213
*Counsel for Plaintiff*

**JEFFERSON CIRCUIT COURT**
**DIVISION SEVEN (7)**
**CIVIL ACTION NO. 11-CI-07094**
**JUDGE AUDRA J. ECKERLE**

**KENNETH MUTH**                                              **PLAINTIFF**

**v.**

**INTEGRATED MANUFACTURING AND**                             **DEFENDANTS**
**ASSEMBLY, LLC AND SCOTT A. NORRIS**
                                   * * * * *

**PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF**
**INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF**
**DOCUMENTS**

Comes the Plaintiff, Kenneth Muth ("Plaintiff" or "Mr. Muth"), by Counsel, and for his

Answers to Defendants' First Set of Interrogatories and Responses to Requests for Production of

Documents states as follows:

Each response set forth below is subject to and governed by the general objections set

forth in this section. When a specific request is objectionable on one or more grounds, Plaintiff

may explicitly state or restate an objection in his response. Such specific objections are not

intended to waive any of the following general objections, which apply to each request:

1. Plaintiff objects because, and to the extent that, the requests seek information not in

the possession, custody, or control of Plaintiff;

2. Plaintiff objects because, and to the extent that, the requests exceed the permissible

scope of discovery of the Kentucky Rules of Civil Procedure;

3. Plaintiff objects to the requests because, and to the extent that, they are overly broad

and unduly burdensome;

4. Plaintiff objects to the requests because, and to the extent that, they seek irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence;

5. Plaintiff objects to the requests because, and to the extent that, they seek information protected under the attorney-client, attorney work-product, or any other applicable legal privilege, protection or rule of confidentiality;

6. Plaintiff objects to the requests because, and to the extent that, they seek legal conclusions or opinions;

7. Plaintiff objects to the requests because, and to the extent that, they assume facts that have not been established, are not in evidence, or are not true and accurate;

8. Plaintiff objects to the requests because, and to the extent that, the time period is not specified, inter alia, making such requests is overly broad or unduly burdensome; and,

9. Plaintiff objects to the Defendants' requests because, and to the extent that, they seek information that can be obtained by the Defendants' just as easily as it can be obtained by Plaintiff.

Plaintiff provides the following answers without waiving these objections and subject to them. Plaintiff reserves the right to supplement these answers in accordance with the civil rules and orders of this Court, as discovery is continuing.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** State the complete name, business and residence address and telephone number(s) of the person(s) answering these Interrogatories and all persons assisting in the preparation of the answers to these Interrogatories. For each person designated, please

identify the Interrogatory or Interrogatories that person answered or provided assistance in answering.

**ANSWER:** Ken Muth, 7106 Leo Saddler Way, Louisville, KY 40229-6412 and phone number (502) 533-9274.

**INTERROGATORY NO. 2:** Other than any documents protected by attorney/client privilege, state whether Plaintiff, or anyone on his behalf (other than his counsel), has obtained any written statements from any potential witnesses, parties to this lawsuit and/or any persons with knowledge of relevant facts. If so, for each person, please state the date, identity of the person providing the statement, and the identity of the person possessing the original statement taken.

**ANSWER:** Plaintiff has not obtained any written statements at this time other than the medical statements referenced in his complaint.

**INTERROGATORY NO. 3:** For each of your past and current addresses for the last five (5) years, state the date you began residing at each address and identify all individuals residing with you at each address.

**ANSWER:** Plaintiff states his residences for the last five years are as follows:

a)   January 2001 through June 2009, 1530 Kensington Drive, Bluffton, IN 46714. Plaintiff states that his wife Annemarie S. Muth ("Ms. Muth") resided with  him at this residence;

b)   May 2008 through November 2008, Champion Farms Apartments at Springhurst, 3700 Springhurst Blvd., Louisville, KY. Plaintiff states that this was housing provided by the company, and he resided at this location by himself;

c)   November 2008, 9938 Thistlewood Court, Louisville, KY 40223. Plaintiff states that

Ms. Muth resided with him at this location; and,

d)   September 2009 to present, 7106 Leo Saddler Way, Louisville, KY 40229-6412.

Plaintiff states that Ms. Muth resides at this residence with him.


**INTERROGATORY NO. 4:**   State all of your past and current telephone number(s) for the last

five (5) years, including all cell or mobile phones or pagers, and the providers for each (e.g.,

Verizon Wireless, AT&T, etc.).

**ANSWER:**   Plaintiff states his carries are as follows:

a)   January 2001 – August 2008, used as an office phone, phone number (260) 589-7240,

and the carrier was Sprint;

b)   January 2001 – August 2008, cellular phone, phone number (260) 402-4297, carrier

was Nextel & Sprint;

c)   January 2001 – June 2009, home phone, phone number (260) 824-9407, and the

carrier was AT&T;

d)   May 2008 – December 2010, used as an office phone, phone number (502) 638-8118,

and the carrier was AT&T;

e)   August 2008 – September 2010, cellular phone, phone number (502) 301-9472, and

the carrier was Nextel & Sprint;

f)   August 2008 – September 2010, home phone, phone number (502) 384-6637, carrier

was Insight;

g)   September 2010 – June 2011 cellular phone, phone number (502) 386-7918, carrier

was Sprint; and,

h) May 2011 – Present, cellular phone, phone number (502) 533-9274 and the carrier is T-Mobile.

**INTERROGATORY NO. 5:**  State all of your past and current e-mail addresses for the last five (5) years which you use/used or have/had access to, including the provider for each (e.g. yahoo, hotmail, etc.).

**ANSWER:**  Plaintiff states his email address and dates are as follows:

a) kjmuth@yahoo.com, yahoo.com, September 1998 – Present;

b) kmuth@lear.com, Lear Corp., 2007 to September 2010; and,

c) kjmuth@yourpcdepartment.com, Powweb.com, May 2011 to present.

**INTERROGATORY NO. 6:**  For each person who you understand has knowledge of facts that relate to the claims and defenses in this civil action, describe in detail such facts and provide, for each respectively, contact information including home address, work address, e-mail address, cell or other telephone number, or other manner of contact.

**ANSWER:**  Plaintiff objects to this interrogatory to the extent it seeks information subject to attorney/client or attorney mental impression privileges or work product doctrines. Discovery is continuing in this case; therefore, Plaintiff specifically reserves the right to supplement his response to this interrogatory. Without waiving his objections or privilege, Plaintiff states as follows:

a.  Scott Norris ("Mr. Norris"), HR Manager, IMA Louisville, 521 Industry Road, Louisville, KY 40208, office phone number (502) 638-8124 and cellular number (502) 817-0905. Plaintiff states that Mr. Norris has knowledge of all medical facts, knowledge of all

medical personnel's written statements, knowledge of FMLA forms, insurance facts, claims, and

Plaintiff's personal correspondence both written and verbal with IMA;

     b.   Brian Puckett ("Mr. Puckett"), IMA Louisville Operations Manager, 521 Industry

Road, Louisville, KY 40208, office phone number (502) 638-8121 and cellular phone number

(502) 249-7289. Plaintiff states that Mr. Puckett has knowledge of his performance, absences due

to illness, medical restrictions prior to June 2010, and any information HR shared with him as

Mr. Muth's supervisor;

     c.   Jessika Koch ("Ms. Koch"), HR Specialist – IMA Louisville. Ms. Koch is

currently employed at Kwantek, 9300 Shelbyville Rd., Hurstbourne Place, Suite 600, Louisville,

KY 40222, phone number (888) 592-6835 and E-mail jessika.koch@yahoo.com. Plaintiff states

that  Ms. Koch has knowledge of all medical facts, knowledge of all Medical  personnel's written

statements, knowledge of FMLA forms, knowledge of absences due to illness, and medical

restrictions prior to her leaving in 1st Quarter 2010. Ms. Koch has further knowledge of IMA

attempts prior to June 2010 to place Mr. Muth on disability (unbeknownst to him) as well as her

and Mike Watters' blocking of these attempts. She is a witness to a verbal promise made to Mr.

Muth regarding IMA paying for temporary housing in Louisville made by Mike Watters – this

promise was not kept;

     d.   Mike Watters ("Mr. Watters"), Production Director, Comer Holdings, 21624

Melrose Avenue, Southfield, MI  48075, office phone number (248) 447-1229 and cellular phone

number (313) 363-7294.  Plaintiff states that Mr. Watters has knowledge of Plaintiff's medical

restrictions prior to June 2010 and his illnesses, Plaintiff's  performance in setting up the IT and

communications infrastructure for IMA-Louisville, as well as his work for setting up IMA

Service Center in Detroit, MI, IMA Plant in Arlington, TX, and Camryn Assembly line in

Romulus, MI. Plaintiff states Mr. Watters also has knowledge, according to Jessika Koch, of IMA attempts to place Mr. muth on disability (unbeknownst to him) prior to June 2010.

 e. Plaintiff; and,

 f. Plaintiff's medical care providers.

**INTERROGATORY NO. 7:** Other than your legal counsel, identify all persons or entities with whom you have had contact, discussions, correspondence or other communications regarding the claims in your Complaint including, but not limited to, representatives of any organization, government agencies, present or former employees of IMA, or people who may have knowledge of the facts and circumstances concerning your claims or any defenses thereto. Please provide the last known address and telephone number, if known, for each identified person.

 **ANSWER:** In addition to the individuals identified in the answer to interrogatory no.6, whose names are incorporated here by reference, the Plaintiff recalls having conversations with the following individuals regarding his circumstances, but does not recall with specific detail when and where those conversations took place:

 a) Jason Shelton, contact information unknown, and he is a former Maintenance Man at IMA. Plaintiff states that they had a general discussion concerning Plaintiff's circumstances of being denied disability;

 b) Travis Fuhrmann, address unknown, cellular phone number (260) 804-2121 and E-mail address travis.fuhrmann@GE.com, and he is a former Engineering Manager at IMA Louisville. Plaintiff states he has general knowledge of Plaintiff's job loss, denial of disability payments, and refusal to accommodate Mr. Muth's medical restrictions on the job;

c)  Tom Sprunger, FicosaNA, 917 Liechty Road, Berne, IN 46711, office phone number (260) 589-7380, cellular phone number (260) 402-1375, and he is the former IT Manager at IMA Berne, now IT Manager at FicosaNA – Berne. Mr. Sprunger has  general knowledge of Plaintiff's job loss, denial of disability payments, and refusal to accommodate Plaintiff's medical restrictions on the job;

d)  Amy Tumbleson, FicosaNA, 917 Liechty Road,  Berne, IN 46711,  office phone number  (260) 589-77375, cellular phone number (260) 402-1471, and she is the former HR Manager at IMA Berne and is now HR Manager at FicosaNA, Berne. Plaintiff states that he spoke with Ms. Tumbleson on the phone and gave her a general description of his loss of job, denial of disability payments, and refusal to accommodate his medical restrictions on the job. Plaintiff states that he also spoke to her to request any of his performance review information in his personnel file to comply with these requests, however, she indicated that she does not have any personnel files and that all are in the hands of Comer Holdings, LLC;

e)  Kelly Rankin, VP of Quality and Government Contracting, Comer Holdings, LLC, Comer Holdings, LLC, 21624 Melrose Avenue, Southfield, MI 48075, office phone number (248) 447-5993 and cellular phone number (248) 521-7903. Plaintiff states he spoke to Ms. Rankin in order to find alternate contact to Scott Norris, who was unavailable for several days in March 2011 when he needed to provide the company with notice from his primary care provider that, based on the testing suggestion of Dr. Haller, she would release the medical restrictions for the purpose of testing;

f)  Wade Bearman, Former Quality and Production Manager for IMA, Berne and Former Plant Manager of FicosaNA, Berne, address unknown, and cellular phone number (260) 402-1468. Mr. Bearman is now part owner of Applied Engineering in Ft. Wayne, IN.  Plaintiff states

Mr. Bearman has a general description of Plaintiff's job loss, denial of disability payments, and refusal to accommodate his medical restrictions on the job;

g) Troy Kirchhofer, Former Engineering Manager at IMA, Berne and FicosaNA, Berne, address unknown and cellular phone number (260) 402-1468. Mr. Kirchhofer is now part owner of Applied Engineering in Ft. Wayne, IN. Plaintiff states that Mr. Kirchhofer has general knowledge of Plaintiff's job loss, denial of disability payments, and refusal to accommodate his medical restrictions on the job;

h) Eamon Hitchcock, Former IT Manager - Joint Venture Operations for Lear Corporation (JV partner with The Bing Group and IMA), address unknown, home phone number (952) 236-0996 and cellular phone number (952) 836-4269. Plaintiff states that Mr. Hitchcock has general knowledge of Plaintiff's job loss, denial of disability payments, and refusal to accommodate his medical restrictions on the job;

i) Brandon Forga, System Developer at Lear Corporation, 21557 Telegraph Rd., Southfield, MI 48034, office phone number (248) 447-4433 and cellular phone number (734) 231-8593. Plaintiff states that Mr. Forga has general knowledge of Plaintiff's job loss, denial of disability payments, and refusal to accommodate his medical restrictions on the job;

j) Alberto Sandoval, System Developer at Lear Corporation, 21557 Telegraph Rd., Southfield, MI 48034, and office phone number (248)447-5851. Plaintiff states that Mr. Sandoval has general knowledge of Plaintiff's job loss, denial of disability payments, and refusal to accommodate his medical restrictions on the job;

k) Father Frederick Klotter, STL, JCL- Pastor of our Parish, St Martin of Tours, St Martin of Tours Catholic Church, 539 South Shelby Street, Louisville, KY 40202 and office phone number (502) 582-2827. Plaintiff states that Father Klotter has general knowledge of

Plaintiff's job loss, denial of disability payments, and refusal to accommodate his medical restrictions on the job;

l) Ralph Hughes, retired friend, 1307 Donard Park Ave., Louisville, KY 40218, home phone number (502) 473-4778 and cellular phone number (502) 939-0612 Plaintiff states that Mr. Hughes has general knowledge of Plaintiff's job loss, denial of disability payments, and refusal to accommodate his medical restrictions on the job;

m) Edward Voit, Past Grand Knight Holy Innocents Council and friend, 6600 Everton Dr., Louisville, KY 40258 and home phone number (502) 448-4014. Plaintiff states that Mr. Voit has general knowledge of Plaintiff's job loss, denial of disability payments, and refusal to accommodate his medical restrictions on the job;

n) John Daly, Attorney YUM! , Foods and office phone number (502) 874-2490. Plaintiff states that Mr. Daly has general knowledge of Plaintiff's job loss, denial of disability payments, and refusal to accommodate his medical restrictions on the job and requested advice on best lawyer to retain;

o) Ron Ray, Attorney, phone number (502) 874-2490 (Office). Hon. Ron Ray, Esq. has general knowledge of Plaintiff's job loss, denial of disability payments, and refusal of IMA to accommodate his medical restrictions on job, and requested advice on best lawyer to retain;

p) Col. Arnold Muth (USA Retired) and Mardell Muth (brother and wife), 118 Camargo Lane, Pasco, WA 99301, and home phone number (509) 545-0428, general knowledge;

q) Russell and Rowena Muth (brother and wife), 3988 Barkley Bridge Road, Hartselle, AL 35640 and home phone number (256) 784-5462, general knowledge;

r) Eugene (deceased) and Jeannine Muth (brother and wife), 1212 Canal, P.O. Box 2, Tieton, WA 98947 and home phone number (509) 673-7671, general knowledge;

s) Susan and Rodney T. Harmon (sister-in-law and husband), 8915 NE 190th PL, Bothell, WA 98011 and home phone number (425) 486-8145, general knowledge;

t) Paul and Mary Kay Schoen (brother-in-law and wife), 5006 Taney, Alexandria, VA 22304 and home phone number (703) 751-2257, general knowledge;

u) Teresa Schoen (sister-in-law), 702 N. 161st PL., Shoreline, WA 98133 and home phone number (206) 542-3257, general knowledge;

v) Elenor K. Schoen (sister-in-law), 702 N. 161st PL., Shoreline, WA 98133 and home phone number (206) 542-3257, general knowledge;

w) Elenor L. Schoen (mother-in-law), 702 N. 161st PL., Shoreline, WA 98133 and home phone number (206) 542-3257, general knowledge;

x) Honor Leitzen (sister-in-law), exact address unknown, home phone number (703) 717-9015 and cellular phone number (206) 579-8232, general knowledge; and,

y) Dr. Richard R. Leitzen (nephew), 527 Irvington Ct., Bartlett, IL 60103 cellular phone number (203) 843-7167, general knowledge.

**INTERROGATORY NO. 8:** State the following for all of your employers within the last ten (10) years, excluding IMA, including any employer prior to or following your employment with IMA:

a. name, address, and telephone number;

b. name of immediate supervisor;

c. salary or rate of pay at beginning and end of each employment;

    d.  position(s) held; and

    e.  reason for leaving.

    **ANSWER:**  Plaintiff has only been employed the last 10 years by IMA and its direct

joint venture predecessor, The Bing Group.

**INTERROGATORY NO. 9:**  For all attempts made by you to obtain employment, either full or

part time, with any person, employer, firm, institution, agency, corporation, business, entity or

public employer or agency, beginning from the date you began employment with IMA to the

present, state and/or identify the following:

    a.  the name, address and phone number of each person, firm, employer, institution,

        agency, corporation, entity or business to which you submitted an application,

        interviewed, corresponded with or otherwise sought or applied for employment;

    b.  the date of each application, contact, correspondence or attempt to find employment;

    c.  the position(s) for which you applied or sought employment;

    d.  the action taken by the prospective employer upon your application or other attempt

        to obtain employment and the reason(s), if any, for such action; and

    e.  whether you received, refused or rejected any offer(s) for employment.

    **ANSWER:**  Please see the attached spreadsheet marked Exhibit 1 which indicates all

jobs the Plaintiff has applied for from 12/16/2010 until 8/4/2011. Plaintiff has not been offered

any of these positions.

**INTERROGATORY NO. 10:**  Identify and provide a detailed computation of each and every

category of damages that you claim to have suffered as a result of Defendants' alleged actions,

including an explanation for the basis for the calculation of each dollar amount and the

identification of any and all documents or data which relates to or supports each calculation.

**ANSWER:**  Plaintiff objects to this interrogatory in so far as it seeks information subject

to attorney/client or attorney mental impression privileges or work product doctrines. Discovery

is continuing in this case, and the Plaintiff may require the use of an expert in calculating his

damages; therefore, the Plaintiff specifically reserves the right to supplement his answer to this

request. Without waiving his privilege, Plaintiff's Complaint, already in the Defendants'

possession, and incorporated herein by reference, states the nature and specifies the categories of

damages which he seeks for the illegal conduct of the Defendants. Plaintiff will supplement this

response in accordance with orders of the Court and/or the Civil Rules.

**INTERROGATORY NO. 11:**  For every source of income (whether from employment,

government benefit, insurance benefit, the sale of anything of value, gift, profits, return on

investment or otherwise) that you have earned or received subsequent to your employment with

IMA, identify the name, address, and telephone number of each employer, person, or entity that

was a source of income to you and the gross income paid to or received by you from each

employer, person or entity.

**ANSWER:**  Plaintiff states that all monies received by him prior to 12/15/2010 were

from IMA wages or disability payments. After that time, he received unemployment benefits as

indicated in his answer to interrogatory no. 12  and  received additional monies from liquidating

IRA's, 401k's, Life Insurance policies, and selling vacation real estate. Plaintiff states that total

IRA's, 401k's, and Life Insurance policies belonging to both him and his wife (Ms. Muth) were

liquidated to $88,700.00 not including the penalty of $4,081.00. Plaintiff further states he has

formed his own company, Your PC Department, LLC in 2011. However, the monies earned

totaling $13,500.00 in 2011 were more than consumed by the company's start up and operating costs for 2011.

**INTERROGATORY NO. 12:** If you have applied for or received unemployment or disability benefits within the last ten (10) years, specifically state the type of benefit applied for or received, when you applied for said benefit, how much you received pursuant to each benefit and how long you received said benefit.

**ANSWER:** Plaintiff applied for Unemployment Benefits on 12/18/2010 and received $415.00 per week (before taxes) from the week of 12/20/2010 through week of 8/1/2011 less one week when original eligibility expired until receiving eligibility for extended benefits 1 week later. The Plaintiff also applied for short term disability benefits in June 2011 and received 2/3 of his salary from disability insurance and 1/3 from IMA according to his IMA salaried benefit policy.

**INTERROGATORY NO. 13:** Identify any and all physicians, psychologists, hospitals, or other health care providers, who treated you for any condition related to the allegations in your Complaint or for any other condition for which you are seeking damages in this action. As to each such provider of care, identify:

    a.   the provider's name and business address and telephone number;

    b.   the conditions for which you were treated;

    c.   the date of each visit or treatment;

    d.   types and nature of treatment;

    e.   any medication or therapy prescribed;

    f.   the results of treatment;

g. whether further treatment is expected or prescribed; and

h. the name and occupation of the person who referred you to the care provider.

**ANSWER:** Plaintiff states his doctors are as follows, however he cannot remember the exact dates for all treatment related visits:

a) William Smits, MD – Pulmonologist and Allergist, Allergy and Asthma Center, 7222 Engle Road, Fort Wayne, IN 46804 and phone number (260) 432-5005. Plaintiff was treated for severe asthma (diagnosed as in worst 1 to 2 % of Asthmatics) and was treated from 2007 through end of 2008 when he moved to Louisville. Dr. Smits prescribed Advair, XOpenex, Albuterol, Astelin, Performomist, and Theophylline. Plaintiff was also prescribed intravenous antibiotic and anti- inflammatory during January 2008 for acute respiratory infections of which Dr. Smits twice required the Plaintiff to stay at home and rest for a week. This condition and its treatment are ongoing and medication will need to be continued and adjusted as necessary;

b) Melissa Hardin, ARNP – Family Practice (Primary Care provider in Louisville), Norton Community Health Associates, 213 N. Hurstbourne Parkway, Louisville, KY 40222 and phone number (502) 327-5135. Hardin, ARNP treated the Plaintiff for severe asthma and resulting upper respiratory infections due to work environment and has treated the Plaintiff from 2009 to present. Hardin, ARNP prescribed medical restrictions on Plaintiff's work and provided diagnosis and supporting documentation to disability insurance company and IMA;

c) Josephine Mei, MD – Pulmonologist, Kentucky Pulmonology, 100 West Market, Suite #2, Louisville, KY 40202 and phone number (502) 587-8000. Plaintiff was referred to Dr. Mie by Hardin, ARNP Hardin above. Dr. Mei confirmed Plaintiff's asthma diagnosis and performed quantative tests and modified Plaintiff's prescriptions to add Nasonex and drop Theophylline and Performomist. Plaintiff was first treated in June 2011, and Dr. Mei is his urrent

pulmonologist. Dr. Mei also referred the Plaintiff to Dr. Joseph Creely for possible sinus surgery

after testing including sinus scan; and,

d)  Joseph Creely, MD – ENT, 4950 Norton Healthcare Blvd., Suite 209, Louisville,

Kentucky 40241 and phone number 502-425-5556. Dr. Creely first treated the Plaintiff in August

2011. Dr. Creely recommended and performed sinus surgery on the Plaintiff in order to reduce

turbinates and open sinuses for better flow which was done in late August 2011.

**INTERROGATORY NO. 14:**  You allege that you have suffered "emotional distress" and

other compensatory damages as a result of Defendants' alleged conduct.  In an effort to discover

the nature and extent of your emotional injuries, and to discover other potentially contributing

physical and emotional causes of your injuries, a blank copy of an Authorization for the Use and

Disclosure of Health Information and Authorization for the Use and Disclosure of Psychotherapy

Notes are attached to these Interrogatories.  Please state whether you are willing to execute the

Authorizations so that counsel for Defendants may obtain copies of your medical, psychological,

and psychiatric records.  If you are willing, please identify each medical provider on the

Authorizations, sign the Authorizations and return with your responses to these Interrogatories.

If you will not execute the Authorizations, please state the basis for your refusal to do so.

**ANSWER:**  Plaintiff is not required to sign a release.  Defendant can obtain this

information via direct request or through the subpoena process.

**INTERROGATORY NO. 15:**  If you have ever been arrested, pled guilty or *nolo contendere*,

or have been convicted of any crime, please provide full details as to each including, but not

limited to, the county and state where the arrest, plea, or conviction occurred, the case number

of such arrest or conviction, a description of the crime for which you were charged or convicted, the date of the arrest, plea, or conviction, and the disposition and/or the punishment assessed.

**ANSWER:**  Plaintiff states that he has never been arrested, charged, convicted, or pled nolo contendere to any crime or misdemeanor in any jurisdiction.

**INTERROGATORY NO. 16:**  If you are or have ever been a party to, or given sworn testimony in, a civil or criminal lawsuit (other than this one) or any type of administrative proceeding, state the full style and case number of the action, including the state in which it was filed, the full name of the court or administrative forum and the parties' names, the names of the parties' attorneys, the nature of the action and claims asserted therein, and the outcome or current status of the action.

**ANSWER:**  Plaintiff states that he has never been a party or given testimony in any civil or criminal lawsuit or administrative proceeding.

**INTERROGATORY NO. 17:**  Please set forth your educational background including, but not limited to, the name and address of each school attended, the years attended, curriculum, degree, diploma or certificate awarded, and the grades or levels completed or attended at each school, including any and all vocational or other training or instruction you have received.

**ANSWER:**  Plaintiff states his educational background is as follows:

a)  University of Notre Dame B.A. in Arts & Letters and Engineering, 1969 – 1973;

b)  University of Notre Dame, M.S. in Electrical Engineering 1973-1974; and,

c)  Seattle University, M.S. in Software Engineering, 1980-1981.

**INTERROGATORY NO. 18:**  Identify every exhibit that you will or may submit at the trial of this matter in support of your claims against Defendants.

    **ANSWER:**  Because discovery remains ongoing in this case, Plaintiff has not yet identified any exhibits to be used at trial.  Plaintiff specifically reserves the right to supplement this response.

**INTERROGATORY NO. 19:**  For each person you expect to call as a fact witness at the trial, identify his or her full name, address and telephone number.

    **ANSWER:**  Plaintiff objects to this interrogatory to the extent it seeks information subject to attorney/client or attorney mental impression privileges or work product doctrines. Discovery is continuing in this case, therefore, Plaintiff specifically reserves the right to supplement his response to this interrogatory. Plaintiff has not made any determination at this time regarding who he will call as a witness at trial.  Without waiving his objections or privilege, Plaintiff directs the Defendant to his answer to interrogatory no. 6, interrogatory no. 7, and interrogatory no. 13.

**INTERROGATORY NO. 20:**  For each person you expect to call as an expert witness at the trial of this matter, identify:

    a.  his or her full name, address and telephone number;

    b.  area of expertise;

    c.  the subject matter in which the expert is expected to testify;

    d.  the substance of the facts and opinions to which the expert is expected to testify; and

    e.  a summary of the grounds for each such opinion.

**ANSWER:** Plaintiff has not yet identified experts he expects to call at the trial of this matter. Plaintiff specifically reserves the right to supplement this response.

**INTERROGATORY NO. 21:** Identify all social media accounts (Facebook, MySpace, Twitter, etc.) maintained by you at any time since you began working for IMA.

**ANSWER:** Plaintiff states that he only has a LinkedIn social media account. However, he has never posted any information on such media account and is unsure if he could even access the account today.

**INTERROGATORY NO. 22:** Confirm that you have read the information and instructions below and complied with the following for downloading information from your Facebook account: **(instructions deleted)**

**ANSWER:** Not applicable.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents or writings that are identified, described, relate to and/or were referred to by you in preparing your Answers to the Interrogatories set forth above.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 2:** Produce any non-privileged documents supporting or underlying your claim that IMA discriminated against you.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 3:** Produce any non-privileged documents supporting or underlying your claim that Norris discriminated against you.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 4:** Produce any documents supporting or underlying your claim that Norris intentionally caused you emotional distress.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 5:** Produce any documents supporting or underlying your claim that IMA intentionally caused you emotional distress.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 6:** Produce any non-privileged statements obtained from potential witnesses, parties to this lawsuit and/or any persons with knowledge of the relevant facts.

**RESPONSE:** Other than the medical statements referred to in the Plaintiff's complaint, the Plaintiff has no further statements at this time.

**REQUEST FOR PRODUCTION NO. 7:**  Produce any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication exchanged between you and Norris from January 1, 2008 through the present.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 8:**  Produce any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication exchanged between you or anyone on your behalf and current or former employees of IMA from January 1, 2008 through the present that concern or relate to the events, facts or circumstances underlying the claims of your Complaint.

**RESPONSE:** See response to request no. 7.

**REQUEST FOR PRODUCTION NO. 9:**  Produce any and all documents reflecting any disciplinary action taken against you throughout the duration of your employment with IMA.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 10:**  Produce any and all documents reflecting any reviews, analysis, comments or observations by your managers, supervisors or co-workers at IMA regarding your job performance throughout the duration of your employment at IMA.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 11:**  Produce any and all documents reflecting your work schedule or time and/or numbers of hours you were expected to, and did, work at IMA from January 1, 2008 through the termination of your employment with IMA, including, but not limited to, calendars (paper or electronic), pay stubs, time cards and daily/monthly planners.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 12:**  Produce any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication relating to persons with knowledge of the allegations, events, and claims relating to the claims or defenses raised in this action.

**RESPONSE:**  See response to request no. 7.

**REQUEST FOR PRODUCTION NO. 13:**  Produce any and all documents relating to any application or other effort made by you from the commencement of your employment with IMA to the present to obtain employment or activity of any kind for pay, cash or taxable income of any kind, other than with IMA.

**RESPONSE:** See attached Exhibit 1.

**REQUEST FOR PRODUCTION NO. 14:**  Produce any and all documents of IMA in your possession or control (including those provided to or in the possession or control of your attorney).  For purposes of this Request, "documents of IMA" includes any and all documents created, generated or distributed by IMA or its respective agents, representatives, or employees,

obtained from IMA or its respective agents, representatives, or employees, provided by or

through IMA, or otherwise the property at some time of IMA.

**RESPONSE:** See response to request no. 7.

**REQUEST FOR PRODUCTION NO. 15:** Included with these discovery requests are

authorizations for release of personnel records from your former and/or current employer(s)

identified in your Answer to Interrogatory No. 8.  Please sign the Authorization so that

Defendants' counsel may obtain copies of your employment records.  If you will not execute the

Authorizations, please state the basis for your refusal to do so.

**RESPONSE:** The Plaintiff has not identified any employer other than IMA.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents which you expect or plan to

use at the trial of this matter, either as independent evidence, for impeachment purposes, to

refresh recollection, rebuttal, or otherwise.

**RESPONSE:** Because discovery remains ongoing in this case, Plaintiff has not yet

identified any exhibits to be used at trial. Plaintiff specifically reserves the right to supplement

this response.

**REQUEST FOR PRODUCTION NO. 17:** Produce any and all documents relating to any

income, money, expenses, costs, or thing of value received from employment or other activity,

whether as an employee, an independent contractor, unemployment insurance, disability

insurance or ownership or investment in a business, which you have been occupied or involved

subsequent to your employment with IMA.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel upon the execution of a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 18:** Produce any and all documents which refer or relate to any civil action, or other civil or criminal litigation or administrative complaint against any person, employer or entity to which you have been a party in the last 10 years including, but not limited to, all pleadings, correspondence, deposition transcripts, releases or settlement agreements or any other documents which refer to any civil action, arbitration or administrative complaint filed by or brought against you.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 19:** Produce any and all documents reflecting to, relating to or memorializing the agreement you and Mr. Norris allegedly entered into, as referenced in paragraphs 15 and 16 of the Complaint.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel, including, but not limited to, the correspondence from Mr. Norris to Plaintiff dated June 2, 2011.

**REQUEST FOR PRODUCTION NO. 20:** Produce any and all documents in your possession or control relating to the Independent Medical Exam performed by Dr. Dale Haller and any additional communications between you and Dr. Haller.

**RESPONSE:** The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel upon the execution of a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 21:**  Produce any and all documents which relate in any manner to the measure of, source, claim and dollar amount of damage which you seek to recover in this matter.

    **RESPONSE:**  The Plaintiff states that responsive documents will be made available for inspection and copying at a mutually agreeable time at the offices of Plaintiff's counsel upon the execution of a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 22:**  Produce your annual federal and state income tax returns and all related documents including, but not limited to, all W-2 forms, other attachments and/or schedules attached thereto, and paycheck stubs for the calendar years for 2009, 2010 and 2011.

    **RESPONSE:**  The Plaintiff will provide tax records for inspection and copying after the execution of a mutually agreeable confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 23:**  Produce all documents and materials you or any of your representatives provided to any expert for review in this matter.

    **RESPONSE:** Plaintiff has not yet identified experts he expects to call at the trial of this matter. Plaintiff specifically reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 24:**  Produce all documents and materials your expert is relying upon in reaching conclusions in this matter.

**RESPONSE:** Plaintiff has not yet identified experts he expects to call at the trial of this matter. Plaintiff specifically reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 25:**  Produce all information and data from any social media account identified in Answer to Interrogatory Nos. 21 and 22.

**RESPONSE:**  None.

## VERIFICATION

I, Kenneth Muth, affirm under penalties of perjury that I have read the attached answers to Defendants First Set of Interrogatories and Request for Production of Documents and that the answers are true to the best of my knowledge and belief.

Dated this __6th__ day of __February__, 2012.

_Kenneth Muth_
Kenneth Muth

COMMONWEALTH OF KENTUCKY )
 )
COUNTY OF __Jefferson__ )

SUBSCRIBED, SWORN TO and ACKNOWLEDGED before me by Kenneth Muth this __6th__ day of ~~January~~, 2012.
Feb.

Debra L. Humphrey, Notary Public
State at Large
Kentucky
My Commission Expires 3/24/2012

_Debra L. Humphrey_
Notary Public, State at Large
My Commission Expires: __3/24/2012__

As to objections only,

Jennifer L. McCarty
ADAMS, HAYWARD & WELSH
4036 Preston Highway
Louisville, Kentucky 40213
*COUNSEL FOR PLAINTIFF*

### CERTIFICATE OF SERVICE

I hereby certify that on this the _15th_ day of February, 2012 a copy of the foregoing Answers to Defendants' First Set of Interrogatories and Responses to Requests for Production of Documents to Plaintiff, Kenneth Muth, was served via U.S. mail on:

Philip C. Eschels
Brigid O'Reilly Gies
BINGHAM GREENEBAUM DOLL LLP
101 South Fifth Street
3500 National City Tower
Louisville, Kentucky 40202
*COUNSEL FOR DEFENDANTS*

*COUNSEL FOR PLAINTIFF*

Kenneth Muth

EXHIBIT 1

| Date | Employer Name | Contact Person | Contact Person Phone | Position Title | URL | Reference # | RESULT |
|---|---|---|---|---|---|---|---|
| **Week Of 12/12/2010 to 12/18/2010** | | | | | | | **RESULT** |
| 12/18/2010 | Axelon Services Corp | | | Network Engineer | www.axelon.com | | Not Offered Job |
| **Week Of 12/19/2010 to 12/25/2010** | | | | | | **Reference #** | **RESULT** |
| 12/22/2010 | Telmark Global Solutions | | | ITO Svc Delivery Core IV | ho.taleo.net/careersection | 541972 | Not Offered Job |
| **Week Of 12/26/2010 to 01/01/2011** | | | | | | **Reference #** | **RESULT** |
| 12/29/2010 | HP | | | Innovation Project Manager | www.humana.com | 18055969 | Not Offered Job |
| 12/29/2010 | eConsultAmerica | | | Divisional IT Manager | www.gadball.com/jobs | J8235377 | Not Offered Job |
| 12/29/2010 | Humana | | | IT Project Manager | www.gadball.com/corp | 17803051 | Not Offered Job |
| 12/29/2010 | Humana | | | Project Manager - Enterprise Data | www.gadball.com | 18761178 | Not Offered Job |
| **Week Of 01/02/2011 to 01/08/2011** | | | | | | **Reference #** | **RESULT** |
| 1/3/2011 | Telmark Global Solutions | Gary DelGrande | (908) 421-4262 | IT Manager | www.telmarkglobal.com | | Not Offered Job |
| **Week Of 01/09/2011 to 01/16/2011** | | | | | | **Reference #** | **RESULT** |
| 1/10/2011 | Ernst & Young | | | IT Risk & Assurance Senior | seeker.dice.com | LOU0000Y | Not Offered Job |
| 1/10/2011 | Humana | | | Security Incident Response Manager | humana.recruitmax.com | 161939 | Not Offered Job |
| **Week Of 01/16/2011 to 01/22/2011** | | | | | | **Reference #** | **RESULT** |
| 1/19/2011 | CompuCom | | | Network Administrator | seeker.dice.com/jobsearch | 656519174648 | Not Offered Job |
| 1/19/2011 | NETCOM Group | | | Systems/Network Administrator | seeker.dice.com/jobsearch | KY-110001 | Not Offered Job |
| 1/19/2011 | Dell, Inc. | | | Desktop Support Manager | dell.taleo.net/careersection | 10090435 | Not Offered Job |
| 1/19/2011 | G-Tech Professional Staffing | | | IT Analyst/Network Admin | seeker.dice.com/jobsearch | sc0J097157 | Not Offered Job |
| 1/21/2011 | Humana | | | UNIX Administrator - Night Shift | Monster.com | 17123,555670,643319574532 | Not Offered Job |
| 1/21/2011 | Flextronics | | | IT Manager | flextronics.ats.hrsmart.com | 54688 | Not Offered Job |
| 1/21/2011 | KFORCE Technology | | | Client Systems Administrator | seeker.dice.com/jobsearch | ITEOG1039986 | Not Offered Job |
| **Week Of 01/23/2011 to 01/29/2011** | | | | | | **Reference #** | **RESULT** |
| 1/25/2011 | Humana | | | Technology Business Consultant | humana.errimax.com | | Not Offered Job |
| 1/25/2011 | Humana | | | Project Manager | humana.recruitmax.com | | Not Offered Job |
| 1/25/2011 | Humana | | | IT Project Manager | humana.recruitmax.com | | Not Offered Job |
| 1/25/2011 | Humana | | | Technology - Project Manager | seeker.dice.com/jobsearch | 3841881 (0ce:0) 70L83993 | Not Offered Job |
| 1/27/2011 | Eaton | | | Specialist IT Infrastructure | | USA/1356707049 | Not Offered Job |
| 1/27/2011 | Manpower Professional | | | Business Analyst - IT | seeker.dice.com/jobsearch | | Not Offered Job |
| **Week Of 01/30/2011 to 02/05/2011** | | | | | | **Reference #** | **RESULT** |
| 2/2/2011 | Robert Half Technology | | | Network Administrator - AD Migration Resource | www.roberthalftechnology.com | 01720-108880 | Not Offered Job |
| 2/2/2011 | | | | Sr. Desktop Engineer | seeker.dice.com/jobsearch | 28516072 | Not Offered Job |
| **Week Of 02/06/2011 to 02/12/2011** | | | | | | **Reference #** | **RESULT** |
| 2/6/2011 | Norton Healthcare | | | Server Analyst-Senior | nortonhealthcare.hodesiq.com | 204672 | Not Offered Job |
| 2/6/2011 | Norton Healthcare | | | System Director of Information Services | nortonhealthcare.hodesiq.com | 206636 | Not Offered Job |
| 2/6/2011 | Norton Healthcare | | | System Director Technology Services | nortonhealthcare.hodesiq.com | 204311 | Not Offered Job |
| **Week Of 02/13/2011 to 02/19/2011** | | | | | | **Reference #** | **RESULT** |
| 2/15/2011 | Norton Healthcare | | | Client/Server OP Analyst Sr 11pm-9:30am | nortonhealthcare.hodesiq.com | | Not Offered Job |
| 2/15/2011 | Norton Healthcare | | | Client/Server OP Analyst-Sr 2am-12:30am | nortonhealthcare.hodesiq.com | | Not Offered Job |
| 2/16/2011 | Yum! Brands | | | Mgr, Enterprise Systems | wfa.icorsotm.com | 102857 | Not Offered Job |
| 2/16/2011 | Yum! Brands | | | Sr. Unified Communications Engineer | wfa.icorsotm.com | 32565 | Not Offered Job |
| 2/16/2011 | Yum! Brands | | | Sr. Desktop Systems Analyst | seeker.dice.com/jobsearch | KOU_105656-416 | Not Offered Job |
| 2/16/2011 | Manpower Professional | | | UNIX Admin | seeker.dice.com/jobsearch | ITEOG1046271 | Not Offered Job |
| 2/16/2011 | Kforce Technology | | | Client Systems Prod Support | seeker.dice.com/jobsearch | | Not Offered Job |
| **Week Of 02/20/2011 to 02/26/2011** | | | | | | **Reference #** | **RESULT** |
| 3/3/2011 | Dell, Inc. | | | Desktop Support Manager | dell.taleo.net/careersection | 1008V435 | Not Offered Job |
| 3/3/2011 | L G&E and KU | | | Supervisor - Data Ctr Ops | www.lge-ku.com/careers/jobs | 101459 | Not Offered Job |
| 3/3/2011 | L G&E and KU | Peggy / Campbell | 673-2125 | Unified Communications Super. | www.lge-ku.com/careers/jobs | 101464 | Not Offered Job |
| 3/8/2011 | CompuCom | | | Software Distribution Specialist | seeker.dice.com | ITEOG1106440 | Not Offered Job |
| 3/17/2011 | Norton Healthcare | | | Tech Services | nortonhealthcare.hodesiq.com | 206645DIC | Not Offered Job |
| **Week Of 02/27/2011 to 03/05/2011** | | | | | | **Reference #** | **RESULT** |
| 3/3/2011 | Raytheon | | | Computer Sys Technologist1 | www.raviobs.com | 13456880DC | Not Offered Job |
| 3/3/2011 | SHPS | | | Director of Technical Operations (IT) | www.mycareernetwork.com | | Not Offered Job |
| 3/3/2011 | Ciscor | | | Director of Information Technology | www.absoludejobs.com | 70949 | Not Offered Job |
| **Week Of 03/06/2011 to 03/12/2011** | | | | | | **Reference #** | **RESULT** |
| 3/8/2011 | TEK Systems | | | Desktop Support | www.dice.com | 2231044 | Not Offered Job |
| **Week Of 03/13/2011 to 03/19/2011** | | | | | | **Reference #** | **RESULT** |
| 3/17/2011 | CompuCom | | | Windows Server Support Engineer | www.dice.com | 50721917494S | Not Offered Job |
| 3/17/2011 | Norton Healthcare | | | | www.dice.com | 50721317494B | Not Offered Job |
| **Week Of 03/20/2011 to 03/26/2011** | | | | | | **Reference #** | **RESULT** |
| 3/22/2011 | CACI | | | Program Manager - Electronic Health Data | www.caxiobs.com | 54883 | Not Offered Job |
| 3/27/2011 | CompuCom | Malat | 502-338-6937 | Server Administrator | https://sjic.taleo.net/careersection | | Not Offered Job |
| **Week Of 03/27/2011 to 04/02/2011** | | | | | | **Reference #** | **RESULT** |
| 3/28/2011 | Brooksource | | | Operating System Administrator | www.dice.com | 10110651 | Not Offered Job |
| 3/28/2011 | Homecare Homebase | | | Systems Engineer | www.dice.com | 214781 | Not Offered Job |

Kenneth Muth

EXHIBIT 1

| Week / Date | Employer Name | Contact Person | Contact Person Phone | Position Title | URL | Reference # | RESULT |
|---|---|---|---|---|---|---|---|
| Week Of 04/03/2011 to 04/09/2011 / 3/31/2011 | xFORCE Technology / Connolly | | | Windows System Administrator | www.dice.com | ITEC61055418 | Not Offered Job |
| 3/31/2011 | | | | Manager/Lead - Data Services Healthcare | www.dice.com | RTL1186986 | Not Offered Job |
| Week Of 04/10/2011 to 04/16/2011 / 4/4/2011 | TEK Systems | | | Desktop Support | www.dice.com | 2247525 | Not Offered Job |
| 4/15/2011 | Triboa Tech, Inc. | | | IT Director | www.dice.com | 11410723 | Not Offered Job |
| Week Of 04/17/2011 to 04/24/2011 / 4/19/2011 | V-Soft | | | System Administrator | www.dice.com | 270101 | Not Offered Job |
| Week Of 04/24/2011 to 04/30/2011 / 4/27/2011 | Partner Technology | | | ERP Manager | www.dice.com | 10235557 | Not Offered Job |
| Week Of 05/01/2011 to 05/07/2011 / 5/6/2011 | Kelly Services | Pauline Phizler-Brown | 500-585-2371 | IT Manager/System Administrator | | | Not Offered Job |
| Week Of 05/08/2011 to 05/14/2011 / 5/13/2011 | FirstSource | | | Program Test Lead | | 275372 | Not Offered Job |
| 5/13/2011 | Brocksource | | | Production Support - Shift Lead | www.mycareernetwork.com | 845060 | Not Offered Job |
| Week Of 05/15/2011 to 05/21/2011 / 5/16/2011 | SHPS | | | IT Director | | | Not Offered Job |
| 5/16/2011 | Cold Stream Laboratories | Kim Leak @ Robert Half Technology | (502) 394-0525 | IT Director | | | Not Offered Job |
| Week Of 05/22/2011 to 05/28/2011 / 5/27/2011 | First Source Solutions USA | | | System Administrator II | www.dice.com | wxp00305344 | Not Offered Job |
| Week Of 05/29/2011 to 06/04/2011 / 6/3/2011 | Vertek Solutions | | | Corporate IT Manager | www.dice.com | 10205652 | Not Offered Job |
| Week Of 06/05/2011 to 06/11/2011 / 6/10/2011 | Insight | | | Director of Integrations and Technology Deployment | www.dice.com | 10444798 | Not Offered Job |
| Week Of 06/12/2011 to 06/18/2011 / 6/26/2011 | FirstSource | | | Systems Administrator II | www.dice.com | wxp00305344 | Not Offered Job |
| Week Of 06/19/2011 to 06/25/2011 / 6/19/2011 | ALTA IT Services | | | System Administrator | www.dice.com | 305240 | Not Offered Job |
| Week Of 06/26/2011 to 07/02/2011 / 6/23/2011 | CACI | | | Program Manager - Electronic Health Record | https://ceo1.taleo.net/careersection | 56989 | Not Offered Job |
| Week Of 07/03/2011 to 07/09/2011 / 7/1/2011 | TEK Systems | | | Director of Information Technology | www.dice.com | 2336935 | Not Offered Job |
| Week Of 07/10/2011 to 07/16/2011 / 7/9/2011 | Sacred Heart Schools | | | Director of Information Technology | www.archives.org/employment | | Not Offered Job |
| Week Of 07/17/2011 to 07/23/2011 / 7/15/2011 | | | | System Administrator | www.dice.com | 110000PA | Not Offered Job |
| Week Of 07/24/2011 to 07/30/2011 / 7/21/2011 | Kforce Technology Staffing | | | Infrastructure Project Manager | www.dice.com | ITEC61007774 | Not Offered Job |
| Week Of 07/31/2011 to 08/06/2011 / 7/28/2011 | Confidential Company | | | Director of Information Technology | www.dice.com | 378871 | Not Offered Job |
| 8/3/2011 | V-tech Solutions | | | Network Administrator - 3R | www.dice.com | 358946 | Not Offered Job |

CIVIL ACTION NO.: 11-CI-07094

CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT

2012 MAR -6 P 3: 09

CLERK 6

JEFFERSON CIRCUIT COURT
DIVISION SEVEN (7)
JUDGE AUDRA J. ECKERLE

KENNETH MUTH                                                                          PLAINTIFF

v.                          **DEFENDANTS' RESPONSES TO**
                   **PLAINTIFF'S FIRST SET OF INTERROGATORIES**

INTEGRATED MANUFACTURING AND                                    DEFENDANTS
ASSEMBLY, LLC AND
SCOTT A. NORRIS

                                    *     *     *     *     *

      Defendants, Integrated Manufacturing and Assembly, LLC ("IMA") and Scott A. Norris

("Norris") (collectively, "Defendants"), by counsel, and for their Responses to Plaintiff's,

Kenneth Muth ("Plaintiff" or "Muth"), First Set of Interrogatories, state as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify, pursuant to the instructions and definitions herein,

each and every person who participated in or was consulted in answering these Interrogatories

and responding to the contemporaneously served Requests for Production of Documents,

including the title of the person and the information provided.

**ANSWER:** Scott A. Norris III, Human Resources Manager for IMA, 521 Industry Road,

Louisville, KY 40208, assisted by counsel, answered these Interrogatories.


**INTERROGATORY NO. 2:** Please identify, pursuant to the instructions and definitions herein,

each and every witness or participant to the transactions, communications, or actions which are

the subject of the claims contained in Mr. Muth's Complaint against you, and/or the subject of

the allegations and purported defenses contained in your Answer to said Complaint, state

whether you obtained any statements from the said witnesses, and state the facts or knowledge each witness is believed to possess.

**ANSWER:** Defendants state that they have not obtained statements from any persons with knowledge of the facts or circumstances underlying Plaintiff's claims. All persons with knowledge of the facts or circumstances underlying Plaintiff's claims are set forth in the documents produced in Response to Plaintiff's Requests for Production of Documents. To the extent that any such person may have knowledge of relevant facts or circumstances underlying Plaintiff's claims, their deposition may be taken.

**INTERROGATORY NO. 3:** Please state the name, address, and job title of each individual you intend to call as a witness to testify on your behalf at the trial of this action.

**ANSWER:** Defendants have not yet determined who they will call as a witness to testify on their behalf at the trial of this action. Defendants will supplement this Answer in accordance with the Civil Rules and any applicable Court Order.

**INTERROGATORY NO. 4:** Identify each and every disciplinary action taken against Mr. Norris for any reason by IMA during his employment with IMA, when such action was taken, and why the disciplinary action was merited.

**ANSWER:** Defendants object to this Interrogatory as the term "disciplinary action" is vague, ambiguous and undefined. Defendants further object as this Interrogatory requests information that is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants state that Norris has not required, nor has he received, any disciplinary action by IMA throughout the duration of his employment.

2

**INTERROGATORY NO. 5:** Identify any and all discrimination policies and procedures for

IMA as well as any and all training provided to employees at that location regarding

discrimination.

**ANSWER:** Defendants object to this Interrogatory as the terms "policies and procedures" and

"training" are vague, ambiguous and undefined. Subject to and without waiving the foregoing

objections, see IMA 000277 – 000372.


**INTERROGATORY NO. 6:** Please state the name, age, tenure, disability, if any, and

qualifications for the person who was hired or promoted to replace Mr. Muth.

**ANSWER:** Tim Brock, 58 years old, hired on June 6, 2011. See IMA 000273 - 000276 for Mr.

Brock's qualifications.


**INTERROGATORY NO. 7:** Please state the name, age, gender, position, date of hire, and

disability, if any, of each employee at IMA since January 2010.

**ANSWER:** Defendants object to this Interrogatory as IMA has approximately 115 employees in

its Louisville plant, and this Interrogatory requests information that is personal in nature and is

irrelevant, overly broad and not likely to lead to the discovery of admissible evidence.


**INTERROGATORY NO. 8:** Please state if IMA had any policies prohibiting discrimination on

the basis of disability, either real or perceived, since January 2008. If so, please state dates each

policy was in place and when the policy was amended, superseded, or abolished. If there are any

dates during this period in which Defendant has not had any policies regarding discrimination on

the basis of disability, either real or perceived, please state the reasons why no such policy

existed.

**ANSWER:** Defendants object to this Interrogatory as the terms "policy" and "policies" are vague, ambiguous and undefined. Defendants further object to the extent this Interrogatory requests information that is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, IMA is committed to providing a professional work environment free of all forms of discrimination, including disability discrimination. IMA's anti-discrimination policy is contained within its employee handbook. See IMA 000277 – 000372.

**INTERROGATORY NO. 9:** Please identify all employee complaints (formal or informal, in court or administrative, verbal or written, whether made directly to management or by other means) of discrimination based on disability, either real or perceived, that have been received and/or are known by Defendants and state:

  a.    The name, title, and disability status of each employee who made a complaint;

  b.    The substance of each complaint;

  c.    The date(s) of these complaints;

  d.    The action taken by the employer in response to each complaint; and,

  e.    The name and title of each person responsible for investigating each complaint.

**ANSWER:** Defendants object to this Interrogatory as the terms/phrases "complaints", "formal or informal", "real or perceived" and "been received by" are vague, ambiguous and undefined. Defendants further object to the extent this Interrogatory requests information that is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, aside from the present case, there have been no other complaints of disability discrimination in the Louisville plant.

**INTERROGATORY NO. 10:**  If you allege any shortcomings with Plaintiff's job performance, please:

      a.      Identify Plaintiff's specific deficient job performance;

      b.      Identify any rules, guidelines, polices, or procedures Plaintiff allegedly breached;

      c.      Identify any rules, guidelines, policies, or procedures that were used to evaluate Plaintiff's alleged deficient job performance;

      d.      Identify each person who had knowledge of Plaintiff's alleged deficient job performance;

      e.      Describe all warnings given to Plaintiff with respect to Plaintiff's alleged deficient job performance; and,

      f.      Identify any and all complaints registered against Mr. Muth by coworkers or supervisors of Mr. Muth.

**ANSWER:**  Defendants object to this Interrogatory as the term "shortcomings" is vague, ambiguous and undefined.  Subject to and without waiving the foregoing objections, any documents relating to Plaintiff and his employment with IMA were produced in response to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 11:**  Please state the names of each employee, their tenure, and job title for those employees at IMA who have asked for and/or been given some accommodation for a disability since January 2008.

**ANSWER:**  Defendants object to this Interrogatory as the term "accommodation" is vague, ambiguous and undefined.  Defendants further object as this Interrogatory requests information that is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, aside from the present case, no

employees at the Louisville plant have asked for an accommodation for a disability since January 2008.

**INTERROGATORY NO. 12:** Identify the employee or individuals responsible, at the time of the decision to terminate Mr. Muth, for training managers and supervisors regarding disability discrimination, the qualifications of those individuals to do so, and the substance of the training that was actually given to managers and supervisors at IMA regarding the same.

**ANSWER:** Defendants object to this Interrogatory as the terms "training", "qualifications" and "substance" are vague, ambiguous and undefined. Subject to and without waiving the foregoing objections, Defendants state that the Human Resources Manager is responsible for ensuring the managers and supervisors are trained regarding the policies of IMA, including the anti-discrimination policy. Norris served as the Human Resources Manager for the Louisville plant at the time Muth's employment at IMA was terminated.

**INTERROGATORY NO. 13:** Please state specifically each and every alleged reason you have for refusing to accommodate Mr. Muth's request for environmental testing of his workspace.

**ANSWER:** Defendants object to this Interrogatory as the terms/phrases "accommodate", "environmental testing" and "workspace" are vague, ambiguous and undefined. Defendants further object to the extent this Interrogatory requests information that is protected by the attorney-client privilege. Subject to and without waiving the foregoing objections, see IMA 000119 – 000153; 000155 – 000181; 000202 – 000222; 000246 - 000255.

**VERIFICATION**

I, Scott A. Norris, III, being first duly sworn on behalf of Defendants, Integrated Manufacturing and Assembly, LLC and Scott A. Norris, III, states as follows:

I have read the foregoing answers to interrogatories and know the contents thereof. While I do not have personal knowledge of all the facts recited in the aforesaid interrogatory answers, the information contained therein which is not derived from my personal knowledge has been collected and made available to me in the regular course of my duties. Said answers are true and correct to the best of my knowledge and belief based upon my own knowledge and the information available to me. I, therefore, verify the foregoing interrogatory answers on behalf of the above-referenced Defendants for the purposes of this litigation.

By: _____
Scott A. Norris, III


COMMONWEALTH OF KENTUCKY  )
                                                       )SS:
COUNTY OF _____Jefferson_____ )

The foregoing instrument was acknowledged before me this _28_ day of _feb_, 20_12_ by _Scott A. norris III_

My commission expires: _____05/24/2014_____

_____
NOTARY PUBLIC

7

Respectfully submitted,

Philip C. Eschels
Brigid O'Reilly Gies
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Phone: (502) 589-4200
peschels@bgdlegal.com
bgies@bgdlegal.com

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of February 2012, a copy of the foregoing

Responses to Interrogatories were served via U.S. mail on:

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, Kentucky 40213
Phone: (502) 366-6456
Jen.l.mccarty@gmail.com

COUNSEL FOR PLAINTIFF,
KENNETH MUTH

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

4673718_1.docx

8

CIVIL ACTION NO.: 11-CI-07094   CIRCUIT CLERK'S OFFICE  JEFFERSON CIRCUIT COURT
JEFFERSON CIRCUIT COURT     DIVISION SEVEN (7)
JUDGE AUDRA J. ECKERLE

2012 MAR -6 P 3: 09

KENNETH MUTH                                  PLAINTIFF

CLERK 6

v.               **DEFENDANTS' RESPONSES TO**
**PLAINTIFF'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

INTEGRATED MANUFACTURING AND            DEFENDANTS
ASSEMBLY, LLC AND
SCOTT A. NORRIS                        * * * * *

      Defendants, Integrated Manufacturing and Assembly, LLC ("IMA") and Scott A. Norris

("Norris") (collectively, "Defendants"), by counsel, and for their Responses to Plaintiff's,

Kenneth Muth ("Plaintiff" or "Muth"), First Set of Requests for Production of Documents, state as

follows:

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce, pursuant to the instructions and definitions above, any and all

employee manuals that you maintain, or that you have ever maintained, from January 2008 to the

present.

**RESPONSE:** Defendants object to this Request as the term "employee manual" is vague,

ambiguous and undefined. Defendants further object to the extent this Request seeks information

that is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see IMA 000277 – 000372.

**REQUEST NO. 2:** Produce, pursuant to the instructions and definitions above, any and all

nonprivileged notes, reports, and/or documents regarding Mr. Muth including, but not limited to,

any and all notes, reports, and/or documents made by any Human Resources representative, or anyone else, from January 2010 to the present.

**RESPONSE:** Defendants object to this Request as the terms "notes" and "reports" are vague, ambiguous and undefined. Defendants further object to the extent this Request seeks information that is protected by the attorney-client privilege and/or the work product doctrine, is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see IMA 000001 – 000002; 000016-000017; 000022 – 000026; 000031 – 000033; 000119 – 000153; 000155 – 000222; 000246 – 000255.

**REQUEST NO. 3:** Produce, pursuant to the instructions above, any and all nonprivileged documents relating to Mr. Muth generated, created or maintained by you, or otherwise in your possession, from the time Mr. Muth first applied for employment to the present date, including, but not limited to, any and all letters, personnel files, evaluations, payroll records, memoranda, phone logs, phone records, faxes, tapes, and/or e mail relating to or regarding him.

**RESPONSE:** Defendants object to this Request as the terms "personnel files", "evaluations", "payroll records", "memoranda", "phone logs", "phone records" and "tapes" are vague, ambiguous and undefined. Defendants further object to the extent this Request seeks information that is protected by the attorney-client privilege and/or the work product doctrine, is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see IMA 000001 – 000255.

**REQUEST NO. 4::** Produce, pursuant to the instructions above, any and all policies, rules or regulations you maintain, or have ever maintained, on discrimination.

**RESPONSE:** Defendants object to this Request as the terms "policies", "rules", "regulations" and "maintain" are vague, ambiguous and undefined.  Subject to and without waiving the foregoing objections, see IMA 000277 - 000372.

**REQUEST NO. 5:** Produce, pursuant to the instructions above, all documents relating to, regarding, or concerning all complaints of discrimination and/or retaliation, of any type whatsoever, you have ever received for the past 5 years.

**RESPONSE:** Defendants object to this Request as the term "complaints" is vague, ambiguous and undefined.  Defendants further object to the extent this Request seeks information that is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, aside from the present case, IMA has not received any complaints in its Louisville plant for disability discrimination or related retaliation claim.

**REQUEST NO. 6:** Produce the report(s) of any and all expert witnesses you expect to call at the trial of this matter, and all documents reviewed by the expert(s).

**RESPONSE:** Defendants have not yet determined if they will retain an expert in this case and, accordingly, are not in possession, custody or control of any responsive documents.  Defendants will supplement this response in accordance with the Civil Rules and any applicable Court Orders.

**REQUEST NO. 7:** Provide a copy of any and all exhibits or documents you may use at the trial of this matter.

**RESPONSE:** Defendants have not yet determined which exhibits and/or documents it will use at the trial of this matter. Defendants will supplement this response in accordance with the Civil Rules and any applicable Court Orders.

**REQUEST NO. 8:** Produce, pursuant to the instructions above, any and all insurance policies which may provide coverage for the claims made Mr. Muth in his complaint.

**RESPONSE:** Defendants object to this Request as it seeks information not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants have requested a copy of the applicable insurance policy and will produce it upon receipt.

**REQUEST NO. 9:** Produce, pursuant to the instructions above, all documents on which you relied in making the decision not to accommodate Mr. Muth's request for environmental testing of his workspace.

**RESPONSE:** Defendants object to this Request as the terms/phrases "accommodate", "environmental testing" and workspace" are vague, ambiguous and undefined. Defendants further object to the extent this Request seeks information that is protected by the attorney-client privilege. Defendants also object to any inference raised by responding to this Request that Mr. Muth made any request for an accommodation or that a "decision" was made not to accommodate a request. Subject to and without waiving the foregoing objections, see IMA 000119 – 000153; 000155 – 000181; 000202 – 000222; 000246 - 000255.

**REQUEST NO. 10:** Please provide the personnel files of (including, but in no way limited to, any and all records of any complaints against) Mr. Muth and Mr. Norris.

**RESPONSE:** Defendants object to this Request as the term "personnel files" are vague, ambiguous and undefined. Defendants further object to the extent this Request seeks information that is irrelevant, overly broad and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see IMA-000001 - 000118 and IMA 000256 - 000272.

Respectfully submitted,

Philip C. Eschels
Brigid O'Reilly Gies
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Phone: (502) 589-4200
peschels@bgdlegal.com
bgies@bgdlegal.com

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of February 2012, a copy of the foregoing

Responses to Requests for Production of Documents were served via U.S. mail on:

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, Kentucky 40213
Phone: (502) 366-6456
Jen.l.mccarty@gmail.com

COUNSEL FOR PLAINTIFF,
KENNETH MUTH

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

4673873_1.docx

CIVIL ACTION NO. 11-CI-07084          JEFFERSON CIRCUIT COURT
                                       DIVISION III

CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT

11CI-7084

2012 FEB 27 P 4: 22

KENNETH MUTH                                              PLAINTIFF

CLERK 6

V.

INTEGRATED MANUFACTURING AND ———D.C.          DEFENDANTS
ASSEMBLY, LLC, et al.

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The parties, through their respective counsel of record, hereby stipulate and request that

the court order as follows:

1.      The parties involved in this litigation may designate as "CONFIDENTIAL" any

document, testimony, information or material disclosed through formal or informal discovery or

otherwise in the course of this litigation in the manner hereinafter set forth in Paragraphs 2, 3 and

4.

2.      Any writing produced by any party or person in this litigation may be designated

as "CONFIDENTIAL" by any party stamping or writing words "CONFIDENTIAL" on the face

of the writing.

3.      Any party may designate deposition testimony or any portion of deposition

testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation

the course of the deposition or at any time thereafter.  Portions of any deposition designated

"CONFIDENTIAL" are to be filed with the Clerk of Court under seal, bearing substantially the

following designation: "Portions of this deposition were taken subject to the Protective Order of

the Court.  These portions shall remain sealed until further order of the court."  Whenever any

writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with

given in this litigation, it shall be so marked and separately filed under seal with the Clerk of Court.

4. Any party may designate as "CONFIDENTIAL" specific responses to interrogatories or to any specific request for admissions by labeling the specific response "CONFIDENTIAL."

5. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Clerk of Court. The party asserting "CONFIDENTIAL" treatment of any writing, testimony, information or material can waive the requirements of the Confidentiality Agreement and Protective Order with respect to such writing, testimony, information or material but to avoid the requirement of filing under seal may seek a waiver of filing under seal requirement. The party asserting "CONFIDENTIAL" treatment shall have the right to enforce the filing under seal requirement, but may also waive the filing under seal requirement with respect to any specific writing, testimony, information or material and any waiver will not be deemed a general waiver of the requirements of this Confidentiality Agreement and Protective Order.

a. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of this Court, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to :

(a) Counsel for the respective parties and employees of said counsel who are assisting in the prosecution or defense of this litigation;

(b) Experts and consultants (including independent experts and consultants, and

employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

    (c)    Parties or officers of the respective parties; and

    (d)    Potential witnesses.

6.   No party shall, for herself or itself or for any person or persons action on his or its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

7.   Except as otherwise provided for in this Protective Order, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

8.   If any party objects to the designation of any document, testimony, information or material as "CONFIDENTIAL" he or it may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. Unless and until the Court enters an order to the contrary, the documents, testimony, information and material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Protective Order.

9.   Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at trial, he or it shall meet with counsel for the other parties hereto in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

10.  Within sixty (60) days of the final conclusion of this case (including any appeal),

all copies of "CONFIDENTIAL" documents shall be destroyed or returned to counsel for the producing party, except that counsel shall be entitled to retain all materials which constitute work product and such memoranda and pleadings embodying said confidential information to the extent necessary to preserve a file in this case, so long as such materials are maintained in accordance with the provisions hereof.

11. This Protective Order may be modified or amended by agreement of the parties or by further Order of the Court for good cause shown.

Dated this 1st day of _March_, 2012.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
MAR 0 7 2012
BY
DEPUTY CLERK

JUDGE, Jefferson Circuit Court

**AGREED TO BY:**

Philip C. Eschels
Brigid O'Reilly Geis
Bingham Greenebaum Doll, LLP
101 South Street
3500 national City Tower
Louisville, KY 40202
*Counsel for Defendant*

Jennifer L. McCarty
Adams Hayward & Welsh
4036 Preston Highway
Louisville, KY 40213
*Counsel for Plaintiff*

CIVIL ACTION NO.: 11-CI-07084  CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT

2012 MAR 13  P 12: 27

CLERK 5

JEFFERSON CIRCUIT COURT
DIVISION SEVEN (7)
JUDGE AUDRA J. ECKERLE

KENNETH MUTH                                                                    PLAINTIFF

v.        **DEFENDANTS' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

INTEGRATED MANUFACTURING AND                              DEFENDANTS
ASSEMBLY, LLC AND
SCOTT A. NORRIS
                                  *   *   *   *   *

Defendants, Integrated Manufacturing and Assembly, LLC ("IMA") and Scott A. Norris

("Norris") (collectively, "Defendants"), by counsel, and for their Supplemental Responses to

Plaintiff's, Kenneth Muth ("Plaintiff" or "Muth"), First Set of Requests for Production of

Documents, state as follows:

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 8:**   Produce, pursuant to the instructions above, any and all insurance policies

which may provide coverage for the claims made Mr. Muth in his complaint.

**RESPONSE:**  Defendants object to this Request as it seeks information not likely to lead to the

discovery of admissible evidence.  Subject to and without waiving the foregoing objections, see

IMA000373 - IMA000540.

Respectfully submitted,

Philip C. Eschels
Brigid O'Reilly Gies
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Phone: (502) 589-4200
peschels@bgdlegal.com
bgies@bgdlegal.com

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of March 2012, a copy of the foregoing

Supplemental Responses to Requests for Production of Documents were served via U.S. mail on:

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, Kentucky 40213
Phone: (502) 366-6456
E-mail: Jen.l.mccarty@gmail.com

COUNSEL FOR PLAINTIFF,
KENNETH MUTH

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

4693158_1.docx

CIVIL ACTION NO.: 11-CI-07084    CIRCUIT CLERK'S OFFICE JEFFERSON CIRCUIT COURT
                                 JEFFERSON CIRCUIT COURT      DIVISION SEVEN (7)
                                                             JUDGE AUDRA J. ECKERLE
                                 2012 APR 13  P 2: 53

KENNETH MUTH                          CLERK 5                              PLAINTIFF

v.                        NOTICE TO TAKE DEPOSITION
                         BY: _____ D.C.

INTEGRATED MANUFACTURING AND                              DEFENDANTS
ASSEMBLY, LLC AND
SCOTT A. NORRIS

                              *    *    *    *    *

**PLEASE TAKE NOTICE** that pursuant to the Kentucky Rules of Civil Procedure,

Defendants, Integrated Manufacturing and Assembly, LLC and Scott A. Norris (collectively

"Defendants") by counsel, will take the deposition of **Kenneth Muth** on Friday, May 25, 2012 at

9:00 a.m. at the offices of Bingham Greenebaum Doll LLP, 3500 National City Tower, 101 South

Fifth Street, Louisville, Kentucky 40202.

Such deposition will be upon oral examination pursuant to the Kentucky Rules of Civil

Procedure before a notary public or other officer authorized to administer oaths. Such deposition

shall be taken for all purposes for which depositions may be used under the Kentucky Rules of

Civil Procedure. The oral examination will continue from day to day until completed.

Respectfully submitted,

Philip C. Eschels
Brigid O'Reilly Gies
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Phone:  (502) 589-4200
peschels@bgdlegal.com
bgies@bgdlegal.com

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of April 2012, a copy of the foregoing was served

via U.S. mail on:

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, Kentucky 40213
Phone:  (502) 366-6456
E-mail:  Jen.l.mccarty@gmail.com

COUNSEL FOR PLAINTIFF,
KENNETH MUTH

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

4728512_1.docx

2

**JEFFERSON CIRCUIT COURT**
**DIVISION SEVEN (7)**
**CIVIL ACTION NO. 11-CI-07094**
**JUDGE AUDRA J. ECKERLE**

**KENNETH MUTH**                                                    **PLAINTIFF**

**v.**

**INTEGRATED MANUFACTURING AND**                 **DEFENDANTS**
**ASSEMBLY, LLC AND SCOTT A. NORRIS**
* * * * *

**PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANTS'**
**FIRST SET OF INTERROGATORIES AND RESPONSES TO**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Comes the Plaintiff, Kenneth Muth ("Plaintiff" or "Mr. Muth"), by Counsel, and for his

Supplemental Answers to Defendants' First Set of Interrogatories and Responses to Requests for

Production of Documents states as follows:

Each response set forth below is subject to and governed by the general objections set

forth in this section. When a specific request is objectionable on one or more grounds, Plaintiff

may explicitly state or restate an objection in his response. Such specific objections are not

intended to waive any of the following general objections, which apply to each request:

1. Plaintiff objects because, and to the extent that, the requests seek information not in

the possession, custody, or control of Plaintiff;

2. Plaintiff objects because, and to the extent that, the requests exceed the permissible

scope of discovery of the Kentucky Rules of Civil Procedure;

3. Plaintiff objects to the requests because, and to the extent that, they are overly broad

and unduly burdensome;

4.  Plaintiff objects to the requests because, and to the extent that, they seek irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence;

5.  Plaintiff objects to the requests because, and to the extent that, they seek information protected under the attorney-client, attorney work-product, or any other applicable legal privilege, protection or rule of confidentiality;

6.  Plaintiff objects to the requests because, and to the extent that, they seek legal conclusions or opinions;

7.  Plaintiff objects to the requests because, and to the extent that, they assume facts that have not been established, are not in evidence, or are not true and accurate;

8.  Plaintiff objects to the requests because, and to the extent that, the time period is not specified, inter alia, making such requests is overly broad or unduly burdensome; and,

9.  Plaintiff objects to the Defendants' requests because, and to the extent that, they seek information that can be obtained by the Defendants' just as easily as it can be obtained by Plaintiff.

Plaintiff provides the following answers without waiving these objections and subject to them.  Plaintiff reserves the right to supplement these answers in accordance with the civil rules and orders of this Court, as discovery is continuing.

**INTERROGATORY NO. 9:**  For all attempts made by you to obtain employment, either full or part time, with any person, employer, firm, institution, agency, corporation, business, entity or public employer or agency, beginning from the date you began employment with IMA to the present, state and/or identify the following:

a.  the name, address and phone number of each person, firm, employer, institution,

agency, corporation, entity or business to which you submitted an application,

interviewed, corresponded with or otherwise sought or applied for employment;

b.  the date of each application, contact, correspondence or attempt to find employment;

c.  the position(s) for which you applied or sought employment;

d.  the action taken by the prospective employer upon your application or other attempt

to obtain employment and the reason(s), if any, for such action; and

e.  whether you received, refused or rejected any offer(s) for employment.

**ANSWER:**  Plaintiff has previously supplied a spreadsheet marked Exhibit 1 indicating

all jobs that he has applied for from 12/16/2010 until 8/4/2011. Plaintiff further states that during

his employment with IMA he did not seek other employment, answer employment queries or

interview with any other company until his employment with IMA was terminated December 15,

2010. Plaintiff further states that he has not made any attempts to seek employment since August

4, 2011 due to starting his own business.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 13:**  Produce any and all documents relating to any

application or other effort made by you from the commencement of your employment with IMA

to the present to obtain employment or activity of any kind for pay, cash or taxable income of

any kind, other than with IMA.

**RESPONSE:**  Plaintiff directs Defendants to his response to Interrogatory No. 9 as well

as to his supplemental responsive documents, enclosed herewith.

**REQUEST FOR PRODUCTION NO. 22:**  Produce your annual federal and state income tax returns and all related documents including, but not limited to, all W-2 forms, other attachments and/or schedules attached thereto, and paycheck stubs for the calendar years for 2009, 2010 and 2011.

**RESPONSE:**  Plaintiff states that he is filing an extension of time on both his personal and business taxes and will supplement this answer upon filing of same. Plaintiff further directs the Defendants to his supplemental responsive documents regarding his new business, enclosed herewith.

## VERIFICATION

I, Kenneth Muth, affirm under penalties of perjury that I have read the attached Plaintiff's Supplemental Answers to Defendants First Set Interrogatories and Request for Production of that the answers are true to the best of my knowledge and belief.

Dated this _16th_ day of _April_____, 2012.

_Kenneth J. Muth_
Kenneth Muth

COMMONWEALTH OF KENTUCKY )
)
COUNTY OF _Jefferson_ )

SUBSCRIBED, SWORN TO and ACKNOWLEDGED before me by Kenneth Muth this _16_ day of April, 2012.

_Debra L. Humphrey_
Notary Public, State at Large
My Commission Expires: _3/24/2014_

Debra L. Humphrey, Notary Public
State at Large
Kentucky
My Commission Expires _3/24/2014_

As to objections only,

Jennifer L. McCarty
ADAMS, HAYWARD & WELSH
4036 Preston Highway
Louisville, Kentucky 40213
*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of April, 2012 a copy of the foregoing Plaintiff's Supplemental Answers to Defendants' First Set of Interrogatories and Responses to Requests for Production of Documents, was served via U.S. mail on:

Philip C. Eschels
Brigid O'Reilly Gies
BINGHAM GREENEBAUM DOLL LLP
101 South Fifth Street
3500 National City Tower
Louisville, Kentucky 40202
*COUNSEL FOR DEFENDANTS*

*COUNSEL FOR PLAINTIFF*

CIVIL ACTION NO.: 11-CI-07084
JEFFERSON CIRCUIT COURT<br>DIVISION SEVEN (7)<br>JUDGE AUDRA J. ECKERLE

KENNETH MUTH
PLAINTIFF

v.
**<u>AMENDED NOTICE TO TAKE DEPOSITION</u>**

INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND
SCOTT A. NORRIS
DEFENDANTS

*  *  *  *  *

**PLEASE TAKE NOTICE** that pursuant to the Kentucky Rules of Civil Procedure, Defendants, Integrated Manufacturing and Assembly, LLC and Scott A. Norris (collectively "Defendants") by counsel, will take the deposition of **Kenneth Muth** on Thursday, June 7, 2012 at 9:00 a.m. at the offices of Bingham Greenebaum Doll LLP, 3500 National City Tower, 101 South Fifth Street, Louisville, Kentucky 40202.

Such deposition will be upon oral examination pursuant to the Kentucky Rules of Civil Procedure before a notary public or other officer authorized to administer oaths. Such deposition shall be taken for all purposes for which depositions may be used under the Kentucky Rules of Civil Procedure. The oral examination will continue from day to day until completed.

Respectfully submitted,

Philip C. Eschels
Brigid O'Reilly Gies
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Phone: (502) 589-4200
peschels@bgdlegal.com
bgies@bgdlegal.com

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of May 2012, a copy of the foregoing was served

via U.S. mail on:

Jennifer L. McCarty
Adams, Hayward & Welsh
4036 Preston Highway
Louisville, Kentucky 40213
Phone: (502) 366-6456
E-mail: Jen.l.mccarty@gmail.com

COUNSEL FOR PLAINTIFF,
KENNETH MUTH

COUNSEL FOR DEFENDANT,
INTEGRATED MANUFACTURING AND
ASSEMBLY, LLC AND SCOTT A. NORRIS

4728512_1.docx

2